[Cite as *In re Foreclosure of Liens for Delinquent Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, 2013-Ohio-1400.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE FORECLOSURE OF LIENS FOR DELINQUENT TAXES | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, V.J. |
| -vs- | : | |
| | : | Case No. 2012CA0001 |
| PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Coshocton County Court
of Common Pleas, Case No. 11 CI 0249

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     March 29, 2013

APPEARANCES:

For Appellant Alan Donaker:

Shawn P. Lindsay
Connolly, Hillyer, Lindsay & Ong, Inc.
201 N. Main St., P.O. Box 272
Uhrichsville, OH 44683
For Treasurer of Coshocton County:
James R. Skelton, Special Prosecutor
309 Main Street
Coshocton, OH 43812

For Appellee Vanderbilt Mortgage and
Finance Co.:
Eric T. Deighton
Carlisle, McNellie, Rini, Kramer & Ulrich
24755 Chagrin Blvd. Suite 200
Cleveland, OH 44112
Troy and Brandi Wagner
19601 Township Road 383
Walhounding, OH 43843

*Wise, J.*

{¶1} Appellant Alan Donaker appeals a judgment of the Coshocton County Common Pleas Court vacating a Sheriff's sale. Appellee is Vanderbilt Mortgage and Finance, Inc.

STATEMENT OF FACTS AND CASE

{¶2} On April 19, 2011, the Coshocton County Treasurer filed the instant foreclosure action for unpaid property taxes on a parcel of real estate. The property in question was owned by Troy and Brandi Wagner. Appellee was served with the complaint because they held a mortgage on the real property and the mobile home located on the property. Default judgment was granted to the county on July 15, 2011. However, on August 25, 2011, the court allowed appellee to intervene and file an answer and a cross-claim seeking judgment against the Wagners in the amount of $70,475.35.

{¶3} A sale of the property was conducted by the Coshocton County Sheriff on October 21, 2011. The highest bidder was James M. Matchett, who offered a bid of $15,100.00. Matchett designated that the property be deeded to appellant. At a sale held later the same day, appellee successfully purchased the mobile home.

{¶4} The Coshocton County Treasurer submitted an entry for confirmation of the sale to the trial court. On November 2, 2011, appellee filed a motion to stay confirmation of the sale and a notice of redemption. Appellee deposited $6,000.00 with the Clerk of Courts to pay off the county tax bill and satisfy the county's interest in the property.

{¶5} The trial court allowed appellant to intervene in the action on November 23, 2011. Following oral argument, the trial court accepted appellee's notice of redemption on December 5, 2011, and vacated the sheriff's sale. Appellant assigns a single error on appeal:

{¶6} "THE TRIAL COURT'S DECISION GRANTING THE NOTICE OF REDEMPTION FILED BY VANDERBILT MORTGAGE AND FINANCE, INC. WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRA TO EXISTING LAW."

{¶7} The sole issue before this Court is whether appellee had the right to redeem the property prior to the confirmation of the sheriff's sale pursuant to R.C. 5721.25, which provides in pertinent part:

{¶8} "After a foreclosure proceeding has been instituted under Chapter 323. or this chapter of the Revised Code with respect to delinquent land, but before the filing of an entry of confirmation of sale pursuant to the proceeding or before the expiration of the alternative redemption period as may apply under section 323.78 of the Revised Code, any person entitled to redeem the land may do so by tendering to the county treasurer an amount sufficient, as determined by the court, to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, and the costs incurred in any proceeding instituted against such land under Chapter 323. or this chapter of the Revised Code, and by demonstrating that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes."

{¶9} The statute does not define the phrase "any person entitled to redeem the land." In the instant case, the trial court found that appellee was a person entitled to redeem the land. We disagree.

{¶10} In *Wilke v. Secretary of Housing and Urban Development*, 1st Dist. No. C-840077, 1984 WL 7141 (December 26, 1984), Gateway, a third party who was not the owner of the property in question, attempted to redeem the property following a sheriff's sale for delinquent taxes. The record was devoid of any indication of the nature or extent of Gateway's interest in the land. The court held that the clear meaning and intent of the second paragraph of R.C. 5721.25 is that only the former owner has the right of redemption, and this is a nontransferable personal privilege. *Id.* The court noted that any other conclusion would undermine the integrity of sheriff's sales for delinquent taxes. *Id.*

{¶11} In the instant case, appellee had a valid lien on the property, and unlike Gateway in the *Wilke* case, appellee was not a stranger to the title. However, we find that the intent of the statute is to provide the owner with an opportunity to redeem the property if they so desire. Appellee was notified of the sale of the land and in fact purchased the mobile home located on the property. Appellee had an opportunity to protect its interest in the land by bidding at the sale.

{¶12} Appellee argues that pursuant to the terms of the mortgage and R.C. 5301.233, they have the right to advance taxes to the property owner. However, that is not what appellee did in the instant case. Rather than advancing taxes on behalf of the property owners, appellee attempted to exercise the right to redeem the property for taxes owed by the property owner, not by appellee. Based on representations

made to the trial court in oral argument, it appears that the property owner had no interest in redeeming the property and intended to allow the property to be sold at the sheriff's sale. To allow appellee to sit on their hands and fail to protect their interests at the sheriff's sale and then redeem the property for the lower amount of the unpaid property taxes, in the instant case $825.84 on the land, undermines the integrity of sheriff's sales for tax delinquencies.

{¶13} The assignment of error is sustained. The judgment of the Coshocton County Common Pleas Court is reversed. This cause is remanded to that court with instructions to confirm the Sheriff's sale. Costs to appellee.

By: Wise, J.

Delaney, P.J. and

Edwards, V.J. concur.

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS

rad/JWW

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| IN THE MATTER OF THE | : | |
| FORECLOSURE OF LIENS FOR | : | |
| DELINQUENT TAXES | : | JUDGMENT ENTRY |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | Case No.   2012CA0001 |
| | : | |
| PARCELS OF LAND ENCUMBERED | : | |
| WITH DELINQUENT TAX LIENS, ET | : | |
| AL. | : | |
| | : | |
| Defendants-Appellants | | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Coshocton County Court of Common Pleas is reversed.  This cause is remanded to that court with instructions to confirm the Sheriff's sale.  Costs assessed to Appellant.

_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS