[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, Slip Opinion No. 2014-Ohio-3656.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3656

IN RE FORECLOSURE OF LIENS FOR DELINQUENT LAND TAXES BY ACTION IN REM; DONAKER, TREASURER, ET AL., APPELLEES, *v.* PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS; VANDERBILT MORTGAGE & FINANCE, INC., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, Slip Opinion No. 2014-Ohio-3656.]

*R.C. 5721.25 permits a mortgage holder to redeem the mortgaged property when it is the subject of a tax foreclosure proceeding.*

(No. 2013-0713—Submitted April 29, 2014—Decided September 2, 2014.)

APPEAL from the Court of Appeals for Coshocton County,

No. 2012CA0001, 2013-Ohio-1400.

_____

O'CONNOR, C.J.

{¶ 1} In this appeal, we address whether R.C. 5721.25 permits a mortgage holder to redeem the mortgaged property when it is the subject of a tax

foreclosure proceeding. We hold that it does. Accordingly, we reverse the decision of the court of appeals.

## RELEVANT BACKGROUND

{¶ 2} On June 14, 2003, Brandi L. Wagner and Troy Wagner financed the purchase of a manufactured home ("mobile home") by executing a "Retail Installment Contract—Security Agreement." That agreement was assigned to appellant, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), and gave Vanderbilt a security interest in the mobile home and real property located in Coshocton County. The same day, the Wagners executed a promissory note in favor of Vanderbilt in the amount of $85,271.49 plus interest and executed a mortgage as security for payment of the promissory note, recorded in Coshocton County. Vanderbilt is the holder of both the promissory note and the mortgage.

{¶ 3} As a result of the Wagners' failure to pay taxes on the property, the treasurer of Coshocton County initiated a tax foreclosure proceeding for delinquent taxes in the amount of $825.84. The complaint named the last known owners of the property as Brandi and Troy Wagner and also named Vanderbilt as a "lienholder or other person with an interest in the parcel." Pursuant to R.C. 5721.18, the clerk of court for Coshocton County sent Vanderbilt by certified mail the required statutory notice advising Vanderbilt of the tax foreclosure action.

{¶ 4} No responsive pleadings were filed, and the trial court granted the treasurer's motion for default judgment. Pursuant to the treasurer's request, the court ordered the sheriff to sell the property. Although not clear in the record, the court of appeals found, and the parties do not dispute, that the sheriff held two sales in October 2011; one at which Vanderbilt purchased the mobile home. At the other sale, James M. Matchett purchased the parcel of real property for the

winning bid of $15,100. Matchett then deeded the property to Alan and Janette Donaker.[1]

{¶ 5} Before the sale of the real property was confirmed, however, Vanderbilt filed a notice of redemption. In that notice, Vanderbilt advised the court that in accordance with the redemption procedure in R.C. 5721.25, it had deposited $6,000 with the clerk of court to cover the delinquent taxes, assessments, penalties, interest, and charges on the real property purchased by Matchett at the sheriff's sale and to cover the costs incurred in the foreclosure action. The notice included an attorney's affidavit stating that the property was in compliance with all applicable zoning regulations, land-use restrictions, and building, health, and safety codes. The same day, Vanderbilt moved the trial court to stay confirmation of the sale and vacate the sale and entry of foreclosure upon a finding that the property was redeemed pursuant to R.C. 5721.25.

{¶ 6} Also on November 2, 2011, the trial court granted Vanderbilt's motion, thereby staying the confirmation of the sheriff's sale and vacating and setting aside the sale and entry of foreclosure. But two days later, the treasurer filed a memorandum opposing Vanderbilt's motion, and the trial court entered an order vacating its November 2 order, for the first time finding that a question of law existed as to whether Vanderbilt had the right to redeem.

{¶ 7} On December 5, 2011, the trial court found that Vanderbilt was a "person entitled to redeem" under R.C. 5721.25. The court granted Vanderbilt's motion to stay the confirmation of sale and to vacate and set aside the sheriff's sale, dismissed with prejudice the tax foreclosure proceeding, and ordered the

---

[1] The parties agree that appellee Alan Donaker is the father of Brandi Wagner and appellee Janette Donaker is both Brandi Wagner's stepmother and the treasurer of Coshocton County who initiated this tax foreclosure proceeding. Those facts are not relevant to our analysis and disposition.

clerk of court to pay the treasurer, from the funds deposited by Vanderbilt, the amounts due and payable on the property and to pay the court costs.

{¶ 8} Alan Donaker and the Coshocton County treasurer appealed. The sole issue presented to the court of appeals was whether Vanderbilt had the right to redeem the property under R.C. 5721.25. The Fifth District Court of Appeals held that Vanderbilt was not entitled to redeem the property, reversed the judgment of the trial court, and remanded the cause with instructions to confirm the sheriff's sale.

{¶ 9} We accepted Vanderbilt's appeal from the court of appeals' judgment. 136 Ohio St.3d 1472, 2013-Ohio-3790, 993 N.E.2d 777. The issue before us is whether Vanderbilt, as a mortgage holder, qualifies as "any person entitled to redeem the land" under R.C. 5721.25.

## ANALYSIS

{¶ 10} Our analysis begins with the relevant statutory language, which is found in the second paragraph of R.C. 5721.25:

> After a foreclosure proceeding has been instituted under Chapter 323. or this chapter of the Revised Code with respect to delinquent land, but before the filing of an entry of confirmation of sale pursuant to the proceeding or before the expiration of the alternative redemption period as may apply under section 323.78 of the Revised Code, *any person entitled to redeem the land* may do so by tendering to the county treasurer an amount sufficient, as determined by the court, to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, and the costs incurred in any proceeding instituted against such land under Chapter 323. or this chapter of the Revised Code, and by demonstrating that the

> property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes.

(Emphasis added.)

{¶ 11} Appellee Alan Donaker contends that the only reasonable interpretation of the statute is one precluding anyone but the property owner from being a "person entitled to redeem" under R.C. 5721.25 and that broadly interpreting the phrase "any person" would undermine sheriff's sales by permitting mortgage holders to "sit on their hands" until after the sheriff's sale. Vanderbilt contends that when read in conjunction with other provisions on tax foreclosure proceedings—namely, R.C. 5721.181, which provides the form of notice required—the phrase "any person entitled to redeem the land" under R.C. 5721.25 includes "any owner, or lienholder of, or other person with an interest in" the property.[2] Vanderbilt also contends that as a mortgage holder, it had vested legal title to the real property because the loan was in default, and that it redeemed the property by advancing tax payments on behalf of the property owner. Because the appeal can be resolved as a matter of statutory construction, we need not address these arguments.

{¶ 12} Our role in cases of statutory construction is to determine legislative intent by looking to the language of the statute and the purpose to be accomplished by the statute. *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20. Where the statute's meaning

---

[2] As an initial matter, Alan Donaker contends that Vanderbilt waived this argument by failing to specifically raise below that the statute should be read in pari materia with R.C. 5721.18 and 5721.181. But he concedes that Vanderbilt argued below that it was a "person entitled to redeem" under the statute. Based on our review of the record, it is evident that Alan Donaker presented to the court of appeals the issue whether Vanderbilt was a "person entitled to redeem" under the statute and that Vanderbilt contended that applying the rules of statutory construction, the phrase "any person entitled to redeem" in R.C. 5721.25 does not refer only to the property owner. We decline to put form over substance to find that Vanderbilt waived such an argument here. Accordingly, we conclude that the issue is properly before us on appeal.

is clear and unambiguous, we apply the statute as written. *Id*. This court must give effect to the words used, refraining from inserting or deleting words. *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 53-54, 524 N.E.2d 441 (1988). " 'No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.' " *Boley,* ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917). In the absence of a definition of a word or phrase used in a statute, the words are to be given their common, ordinary, and accepted meaning. *Wachendorf v. Shaver*, 149 Ohio St. 231, 78 N.E.2d 370 (1948), paragraph five of the syllabus.

{¶ 13} Alan Donaker relies on the interpretations of the statute by the court of appeals below and by the First District Court of Appeals in *Wilke v. Secy. of Hous. & Urban Dev.*, 1st Dist. Hamilton No. C-840077, 1984 WL 7141 (Dec. 26, 1984), a case in which a stranger to title attempted to redeem the land in a tax foreclosure proceeding. According to the court of appeals, *Wilke* held that "the clear meaning and intent of the [relevant] paragraph of R.C. 5721.25 is that only the *former* owner has the right of redemption." (Emphasis added.) 2013-Ohio-1400, ¶ 10. We disagree with the assertion that *Wilke* should be read so broadly. Applying such a reading in this case would lead to the absurd result that even the Wagners would not be entitled to redeem their property because they are the current, not the former, owners until a confirmation of sale is approved. Nonetheless, relying on *Wilke*, the court of appeals held that "the intent of the statute is to provide the owner with an opportunity to redeem the property if they so desire." 2013-Ohio-1400, ¶ 11. We conclude that neither reading of R.C. 5721.25 gives effect to the words used in the statute.

{¶ 14} The plain language of the statute permits "any person" entitled to redeem the land to do so. R.C. 5721.25. The phrase "any person" is not defined in the statute. However, previously we have pointed out that the ordinary

6

meaning of "any" is "every" or "all." *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 33 (lead opinion). The meaning of "any" is flexible and must be interpreted in light of its context. *Wachendorf* at 239. Although the meaning of "any" is flexible, it is not so pliable that we can simply ignore it. Giving effect to the plain meaning of the phrase "any person" in the context in which it is used, we cannot delete the words "any person" and substitute the word "owner" as appellee would have us do. We find the absence of such specificity or other limiting language indicative of the legislative intent.

{¶ 15} In R.C. Chapter 2329, which governs judicial foreclosure proceedings such as mortgage foreclosure, the General Assembly specifically limited the right of redemption to "the debtor." R.C. 2329.33. But in R.C. 5721.25, the legislature instead utilized broader language by granting the right of redemption in a tax foreclosure proceeding to "any person entitled to redeem." Given the General Assembly's use of the phrase "any person" in R.C. 5721.25, we hold that it did not intend to restrict the right of redemption in a tax foreclosure proceeding to only the property owner as it did for mortgage foreclosure proceedings. Therefore, the only reasonable interpretation of R.C. 5721.25 is one that gives a purpose to the use of the word "any" in the phrase "any person entitled to redeem the land."

{¶ 16} Looking at R.C. Chapter 5721 as a whole, we find additional insight into the legislature's intent. R.C. 5721.181(B), which prescribes the language to be used in giving notice of tax foreclosure proceedings, states:

> The forms of caption, notice of foreclosure, and notice to property owners, lienholders, and other interested persons to be utilized in a foreclosure proceeding instituted pursuant to division (B) of section 5721.18 of the Revised Code shall be in substance as follows:

* * *

(B) Form of notice of foreclosure:

* * *

At any time prior to the filing of any entry of confirmation of sale, *any owner or lienholder of, or other person with an interest in, a parcel listed in the complaint may redeem the parcel* by tendering to the treasurer the amount of the taxes, assessments, charges, penalties, and interest due and unpaid on the parcel, together with all costs incurred in the proceeding instituted against the parcel under section 5721.18 of the Revised Code.

(Emphasis added.) This required notice language describes that to which R.C. 5721.25 gives effect. To limit "any person" described in R.C. 5721.25 to the property owner, current or former, renders meaningless the notice language in R.C. 5721.181 that "any owner or lienholder of, or other person with an interest in [the property] may redeem [it]." It would be illogical for the legislature to require that a party be notified under R.C. 5721.181 that it is entitled to redeem the land but then deny the party that right by the language in R.C. 5721.25. Such an interpretation would cause the language and meaning of the notice provision to be superfluous, thereby offending the well-established rules of statutory construction. In contrast, our interpretation gives meaning to the plain language of the statute and the chapter as a whole.

{¶ 17} Our holding is not at odds with the appellate court's conclusion that "the intent of the statute is to provide the owner with an opportunity to redeem the property if they so desire," 2013-Ohio-1400, ¶ 11. Nor does it undermine the integrity of sheriff's sales. The statutory provisions demonstrate that the legislature recognized multiple competing interests at a sheriff's sale, including those of the owner. The purchaser at a sheriff's sale is on notice that

the sale is not final until confirmation. Before confirmation, the owner can redeem the property just as a lienholder or other person with an interest in the property can, even if the owners—or lienholders—"sit on their hands" until after the sheriff's sale. Any perceived inequity caused by our holding to purchasers or property owners like the Wagners must be balanced against the rights of others with competing interests, including those of a mortgagee, or lienholder, to protect its interest in the property where a mortgagor, or property owner, has fallen delinquent in tax payments. This tension presents a public-policy concern that is the purview of the legislature. Our role is to apply the language of the statute that is the legislature's expression of public policy.

{¶ 18} Accordingly, we hold that "any person entitled to redeem the land" under R.C. 5721.25 includes "any owner or lienholder of, or other person with an interest in" the subject property as set forth in R.C. 5721.181. Therefore, the statute permits a mortgage holder to redeem the land.

{¶ 19} Under our construction of the statute, Vanderbilt, as mortgage holder, was entitled to redeem the land. We must next determine whether Vanderbilt complied with the remaining requirements of R.C. 5721.25, i.e., whether it tendered to the treasurer an amount sufficient to cover the delinquency and demonstrated that the property was in compliance with all applicable codes and regulations.

{¶ 20} Although the record reflects that Vanderbilt deposited funds with the clerk of court and submitted an attorney's affidavit regarding the compliance of the property, it is unclear from the record that the court made a determination whether the amount was sufficient to satisfy the redemption and whether the treasurer was paid. Accordingly, we remand this cause to the trial court to make that determination and order the clerk to pay the treasurer, if payment has not already been made.

CONCLUSION

{¶ 21} We hold that "any person entitled to redeem the land" under R.C. 5721.25 includes "any owner or lienholder of, or other person with an interest in" the property as set forth in R.C. 5721.181. Thus, Vanderbilt, as a lienholder, was entitled to redeem the land. We therefore reverse the judgment of the court of appeals and remand the cause to the Court of Common Pleas of Coshocton County to determine Vanderbilt's compliance with the remaining requirements of the statute.

Judgment reversed,

and cause remanded.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Samuel H. Shamansky Co., L.P.A., and Samuel H. Shamansky, Donald L. Regensburger, Colin E. Peters, and Krystin N. Martin; and James R. Skelton, for appellee Alan Donaker.

Carlisle, McNellis, Rini, Kramer & Ulrich Co., L.P.A., and Eric T. Deighton, for appellant.

_____