[Cite as *Lakeside REO Ventures, L.L.C. v. Vandeleur Investors, L.L.C.*, 2015-Ohio-4254.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lakeside REO Ventures, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-1011 |
| | | (C.P.C. No. 12CV-12191) |
| Vandeleur Investors, LLC et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| Onronma, LLC, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 13, 2015

*Buckley King, LPA*, and *Heidi J. Milicic*, for appellee Navy Portfolio, LLC.

*Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Onronma, LLC ("Onronma"), appeals from a judgment of the Franklin County Court of Common Pleas vacating a decree of foreclosure and dismissing the tax foreclosure action initiated by Woods Cove, LLC ("Woods Cove"). For the reasons that follow, we affirm.

I. Facts and Procedural History

{¶ 2} In November 2010, the Franklin County Treasurer sold to Woods Cove tax certificates on the real property located at 5890 Vandeleur Place, Dublin, Ohio (the "property"). Because the certificates' redemption price was unpaid, Woods Cove filed a notice of intent to foreclose and initiated a tax certificate foreclosure action on

September 25, 2012. Woods Cove named six entities as defendants, asserting each may claim to have some interest in or lien on the property. Specifically, it named the following entities as defendants: Vandeleur Investors, LLC, Home Savings and Loan Company of Youngstown Ohio ("Home Savings and Loan Company"), Efficient Electric Corp., Dublin Irrigation, LLC, Engineered Marble, and the Franklin County Treasurer. Only defendants Efficient Electric Corp. and Dublin Irrigation, LLC, filed answers. These two defendants asserted mechanic's liens on the property.

{¶ 3} In July 2013, Woods Cove filed a motion for default judgment against the four defendants that did not file a responsive pleading. On September 12, 2013, the trial court filed a judgment entry and decree of foreclosure (the "foreclosure decree"). In the foreclosure decree, the trial court noted that the action shall proceed according to R.C. 5721.30, et seq. and that defendants Vandeleur Investors, LLC, Home Savings and Loan Company, and Engineered Marble were "forever barred from asserting any right, title, claim or interest in and to" the property. (Sept. 12, 2013 Judgment Entry, 2.) The property was ordered to be sold, and a sheriff's sale of the property was held on September 19, 2014.[1] Onronma purchased the property at the sheriff's sale. Three days after the sale, Onronma moved the trial court to substitute it as a party because it had purchased defendant Dublin Irrigation, LLC's lien on the property. The trial court granted the motion and substituted Onronma as a party defendant in place of Dublin Irrigation, LLC.

{¶ 4} One week after the sheriff's sale, defendant-appellee, Navy Portfolio, LLC ("Navy"), filed a motion to stay confirmation of the sheriff's sale and a notice of redemption pursuant to R.C. 5721.25. In connection with filing the notice of redemption, Navy submitted documentation demonstrating that on September 21, 2012, Home Savings and Loan Company assigned to Navy an open-ended mortgage deed on the property executed by Vandeleur Investors, LLC, and that Navy deposited $95,281.54 with the Franklin County Treasurer to cover the payoff of the tax certificates. Although the assignment of the mortgage from Home Savings and Loan Company to Navy was executed on September 21, 2012, it was not recorded until October 19, 2012. Navy also

---

[1] Shortly before the sheriff's sale, Lakeside REO Ventures, LLC was substituted as the plaintiff in the tax foreclosure action.

submitted an affidavit of Mike Evanisko, the asset manager for Sabal Financial Group, L.P., which services commercial loans owned by Navy. Evanisko attested to the assignment of the mortgage from Home Savings and Loan Company to Navy and that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes. Based on this evidence, Navy asserted it had fully complied with the requirements of R.C. 5721.25, and was therefore entitled to redemption of the property.

{¶ 5} Approximately three weeks after filing the notice of redemption, Navy filed a motion for the trial court to substitute it as a defendant for Home Savings and Loan Company. The next week, Navy filed a motion to vacate and set aside the sheriff's sale and judgment entry and decree of foreclosure and for dismissal with prejudice, essentially making the same arguments it made in connection with its motion to stay and notice of redemption.

{¶ 6} Near the end of October 2014, the trial court granted Navy's motion to substitute as a party defendant for Home Savings and Loan Company. Then in December 2014, the trial court granted Navy's motion to vacate and set aside the sheriff's sale and the foreclosure decree. The trial court determined that Navy complied with the requirements for redemption set forth in R.C. 5721.25. Having found that Navy had redeemed the property, the trial court dismissed the action. Based on these rulings, the trial court denied Navy's motion to stay confirmation of the sheriff's sale, finding it moot.

{¶ 7} Onronma timely filed a notice of appeal.

## II. Assignments of Error

{¶ 8} Onronma assigns the following errors for our review:

> I. It was error for the court to vacate an order that was res judicata and thus relied upon by other parties to the case.
>
> I.(A) The finding by the court that the property was successfully redeemed was in error.
>
> I.(B) The order dismissing the entire case including all parties and all claims was in error and fundamentally unjust.
>
> I.(C) The court had a duty to marshal the liens and determine priority.

II. Appellant was denied its constitutional right to substantive and procedural due process by failing to hold a hearing.

III. The court improperly divested the appellant from its property and/or the court action amounted to a governmental taking of property without just compensation in violation of their constitutional rights.

## III. Discussion

{¶ 9} Because they are interrelated, we will discuss Onronma's first, second, and third assignments of error together. Generally, Onronma argues it was error for the trial court to vacate and set aside the sheriff's sale and to dismiss the action. In its first assignment of error, Onronma asserts the trial court erroneously found Navy successfully redeemed the property, erroneously vacated an order that had the effect of res judicata and that had been relied on by Onronma, erroneously dismissed the case, and erroneously did not determine priority of the liens on the property. In its second assignment of error, Onronma asserts it was denied due process because the trial court did not hold a hearing prior to ruling on Navy's motions. Lastly, in its third assignment of error, Onronma asserts it was unconstitutionally divested of a property interest.

{¶ 10} The central issue before the trial court was whether Navy satisfied the requirements for redemption set forth in R.C. 5721.25, which provides in pertinent part as follows:

> After a foreclosure proceeding has been instituted under Chapter 323. or this chapter of the Revised Code with respect to delinquent land, but before the filing of an entry of confirmation of sale pursuant to the proceeding or before the expiration of the alternative redemption period as may apply under section 323.78 of the Revised Code, any person entitled to redeem the land may do so by tendering to the county treasurer an amount sufficient, as determined by the court, to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, and the costs incurred in any proceeding instituted against such land under Chapter 323. or this chapter of the Revised Code, and by demonstrating that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes.

{¶ 11} For the purpose of R.C. 5721.25, "any person entitled to redeem the land" includes "any owner or lienholder of, or other person with an interest in" the subject property as set forth in R.C. 5721.181. *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, 140 Ohio St.3d 346, 2014-Ohio-3656, ¶ 21. Once it is determined a person is entitled to redeem the land, a court must determine whether that person complied with "the remaining requirements of R.C. 5721.25, i.e., whether it tendered to the treasurer an amount sufficient to cover the delinquency and demonstrated that the property was in compliance with all applicable codes and regulations." *Id.* at ¶ 19.

{¶ 12} In this appeal, Onronma's challenge to the trial court's finding that Navy met the redemption requirements of R.C. 5721.25 is limited to whether Navy was a party entitled to redeem. Onronma argues Navy was not entitled to redeem because Navy acquired its rights in the property after Home Savings and Loan Company's rights in the property had been foreclosed. Thus, according to Onronma, Navy acquired no interest in the property because, at the time of the mortgage assignment, Home Savings and Loan Company's interest already had been foreclosed. In a related argument, Onronma contends Navy had a low priority interest, rendering it virtually worthless based on the fair market value of the property. Onronma asserts that, based on this low priority, Navy could not redeem. Onronma's arguments are unpersuasive. By virtue of the mortgage assignment between Home Savings and Loan Company and Navy, effective September 21, 2012, Navy acquired an interest in the property prior to Woods Cove filing the foreclosure action on September 25, 2012. Thus, Onronma's assertion that Navy acquired no interest in the property is contrary to the undisputed evidence. Moreover, R.C. 5721.25 permits any lienholder to redeem, regardless of priority. *See In re Foreclosure of Liens for Delinquent Land Taxes*.

{¶ 13} Nonetheless, insofar as Onronma contends Navy was bound by the foreclosure decree, it is correct. Although Home Savings and Loan Company's interest in the property was assigned to Navy prior to Woods Cove filing the foreclosure action, Navy's assigned interest as a mortgagee was not recorded until October 19, 2012, after Woods Cove filed the foreclosure action. Even though Navy was not named as a party in the underlying foreclosure action, it was bound by the decree to the same extent Home

Savings and Loan Company would have been if it had not assigned the interest. *See Wagner v. Bank One, Athens, N.A.*, 4th Dist. No. 95CA7 (Dec. 20, 1995), citing *Pinney v. Merchants' Natl. Bank of Defiance*, 71 Ohio St. 173, 182 (1904) ("[I]f [an] assignee does not provide the proper notice by recording the assignment and thus is not named as a party, he is bound by the decree of foreclosure to the same extent as the named party assignor."). However, even though Navy was bound by the foreclosure decree, the foreclosure decree did not extinguish Navy's statutory right to redeem the property.

{¶ 14} Onronma argues that Navy was precluded from redeeming because the foreclosure decree states that Home Savings and Loan Company is "forever barred from asserting any right, title, claim or interest in and to the premises described herein." (Sept. 12, 2013 Judgment Entry, 2.) Onronma reasons that Navy was bound by this language from redeeming the property under res judicata principles. We disagree. "The purchaser at a sheriff's sale is on notice that the sale is not final until confirmation." *In re Foreclosure of Liens for Delinquent Land Taxes* at ¶ 17. The sale is not final because there still exists the possibility that a person will redeem the land. "Before confirmation, the owner can redeem the property just as a lienholder or other person with an interest in the property can, even if the owners—or lienholders—'sit on their hands' until after the sheriff's sale." *Id.* Under Onronma's rationale, no defaulting party could redeem after a court enters judgment against that party in a foreclosure decree. But that rationale is contrary to R.C. 5721.25 because the statute provides for redemption even after a default judgment is rendered against a lienholder. *See id.* Therefore, the language contained in the foreclosure decree did not alter Navy's statutory right to redeem the property.

{¶ 15} In support of its assignments of error, Onronma further argues Navy could not redeem the property because of another pending foreclosure action in Franklin C.P. No. 09CV-15127. Home Savings and Loan Company filed a mortgage foreclosure action relating to the property in October 2009. In February 2012, the trial court in that case filed a judgment entry, decree of foreclosure and order for sale. In July 2014, Navy filed a notice in that case, advising the court that it is the successor in interest to Home Savings and Loan Company and was assigned the decree of foreclosure. Navy scheduled the sheriff's sale to take place on October 31, 2014. Onronma moved to stay the sheriff's sale

scheduled for October 31, 2014, which the trial court granted. The trial court ordered the matter stayed pending resolution of this appeal.

{¶ 16} Onronma fails to demonstrate that the pendency of the other action legally precluded Navy from redeeming the property in this action. Onronma asserts that redemption removes the property from the immediate risk of foreclosure, but the property remains subject to foreclosure in Franklin C.P. No. 09CV-15127. Onronma therefore contends the pendency of the other case equitably precludes Navy from redeeming in this action. However, Navy exercised its right to redeem pursuant to statute, not equity. *See Wells Fargo Bank, N.A. v. Young*, 2d Dist. No. 2009 CA 12, 2011-Ohio-122, ¶ 33 (noting the statutory right to redemption exists independently of any equitable right to redeem). Furthermore, the case at bar was initiated as a tax foreclosure action due to unpaid taxes. In the other action, Home Savings and Loan Company (with Navy succeeding in interest) sued to foreclose on its mortgage. While it seems peculiar that the redeeming party in this tax foreclosure action is the foreclosing party in the mortgage foreclosure action involving the same property, it is not for this court, in this appeal, to analyze and decide the impact of the redemption on the other case, which has been stayed pending the outcome in this case.

{¶ 17} Onronma also generally argues that permitting Navy to redeem after the sheriff's sale was unfair to Onronma, which

{¶ 18} purchased the property at the sheriff's sale. This argument was addressed and rejected by the Supreme Court of Ohio in *In re Foreclosure of Liens for Delinquent Land Taxes* when the court observed: "Any perceived inequity caused by [the court's] holding to purchasers or property owners * * * must be balanced against the rights of others with competing interests, including those of a mortgagee, or lienholder, to protect its interest in the property where a mortgagor, or property owner, has fallen delinquent in tax payments." *Id.* at ¶ 17. Thus, it is not the role of this court to attempt to correct any inequity perceived by Onronma due to the manner the legislature has addressed the inherent tension caused by competing interests in a foreclosure matter. *See id.* ("This tension presents a public-policy concern that is the purview of the legislature. Our role is to apply the language of the statute that is the legislature's expression of public policy.") As noted above, Onronma's purchase of the property at the sheriff's sale remained subject

to the right of redemption set forth in R.C. 5721.25.  Thus, Onronma was on notice that its purchase of the property was not final until confirmation occurred.  Because Navy redeemed, Onronma's purchase was not confirmed.

{¶ 19} Lastly, Onronma argues the trial court should not have dismissed the action, suggesting the court should have held a hearing and addressed issues relating to the priority of remaining liens.  Onronma asserts its constitutional due process and property rights have been violated.  These arguments are unavailing.  Again, as discussed above, Onronma's interest in the property as a buyer was subject to the redemption rights of other parties.  Also, although the effect of Navy's redemption in this tax foreclosure action, as to the revival and/or priority of liens or the precise status of the title to the property, was not addressed by the trial court in its decision dismissing the action, Onronma fails to demonstrate error by the trial court in not resolving those issues prior to dismissing the action.  That is, Onronma provides no authority that required the trial court to determine, prior to dismissal of the tax foreclosure action, lienholder status or priority in regard to the redeemed property.  Furthermore, Navy's redemption of the property precluded the confirmation of Onronma's purchase of the property at the sheriff's sale.  Thus, there was no basis for the action to proceed.  In the final analysis, Onronma's challenge to the dismissal of the case is really a veiled challenge to the trial court's finding that Navy redeemed the property, which, as discussed above, was supported by the record.

{¶ 20} Because Navy met the redemption requirements of R.C. 5721.25, the trial court correctly found that Navy redeemed the property.  And because Navy redeemed the property, the trial court properly dismissed the tax foreclosure action initiated by Woods Cove.  Accordingly, we overrule Onronma's first, second, and third assignments of error.

## IV.  Disposition

{¶ 21} Having overruled Onronma's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and SADLER, J., concur.