[Cite as *Tax Ease Ohio, L.L.C. v. Harivel Agency, L.L.C.*, 2022-Ohio-3042.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

TAX EASE OHIO, L.L.C.,                     :

    Plaintiff-Appellee,               :

                              No. 111198

    v.                                :

HARIVEL AGENCY, L.L.C., ET AL.,            :

    Defendants-Appellees.             :

[Appeal by Snipe City Capital, L.L.C.,    :

    Third-Party Purchaser]            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** September 1, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-905501

---

## *Appearances:*

Plunkett Cooney and David L. Van Slyke, *for appellant*.

CORNELIUS J. O'SULLIVAN, JR., J.:

**Procedural and Factual Background**

{¶ 1} This tax certificate foreclosure action pertains to the sheriff sale of property located at 3540 Normandy Road, Shaker Heights, Ohio. At the time the action was initiated, defendant-appellee Harivel Agency, L.L.C. ("appellee") was the owner of the property. Plaintiff-appellee Tax Ease Ohio, L.L.C. ("plaintiff") was the holder of a tax certificate charged against the subject property. Nonparty-appellant Snipe City Capital, L.L.C. ("appellant") was the third-party purchaser of the property.

{¶ 2} Appellant now appeals from the trial court's January 5, 2022 judgment granting plaintiff's "motion to set aside deed, vacate October 5, 2020 confirmation entry, return funds to purchaser, vacate March 19, 2019 judgment entry, and dismiss case." After a thorough review of the facts and law, we vacate the trial court's January 5, 2022 judgment and remand the case to the trial court with instructions that the October 5, 2020 confirmation entry and the March 19, 2019 judgment be reinstated.

{¶ 3} The record before us demonstrates that in October 2018, plaintiff initiated this tax certificate foreclosure action against appellee and others who may have had an interest in or lien on the subject property.[1] The complaint sought to foreclose on property under R.C. 5721.01, et seq.

_____

[1] One of the defendants was dismissed, one answered, and default judgment was rendered against the remaining defendants, one being defendant-appellee Harivel Agency, L.L.C. Only defendant-appellee Harivel Agency, L.L.C., is at issue in this appeal.

{¶ 4} Appellee was served with summons and the complaint and failed to answer. Plaintiff filed a motion for default judgment. A hearing on the motion for default judgment was held and in February 2019, a magistrate issued a decision.

{¶ 5} The magistrate's decision ordered, among other things, that the foreclosure would proceed according to R.C. Chapter 5721.30, et seq. "unless prior to the Confirmation of Sale of the certificate parcel under these foreclosure proceedings, *there is tendered to the County Treasurer* the sum of the [specified] amounts." (Emphasis added.) The magistrate's decision further ordered that "unless said parcel is previously redeemed pursuant to O.R.C. [Section] 5721.38, upon the filing of the entry of Confirmation of Sale, the title to said parcel shall be uncontestable in the purchaser * * *."

{¶ 6} In March 2019, the trial court adopted the magistrate's decision. The trial court's judgment contained the same order regarding redemption as the magistrate's decision.

{¶ 7} In August 2019, plaintiff filed a motion for an order authorizing a "private selling officer" to sell the subject property at public auction. The motion was unopposed and the trial court granted it in September 2019. The sale date was set for March 17, 2020. In February 2020, plaintiff filed notice with the trial court of publication of the sale. The sale was successful on March 17, and on March 24, plaintiff filed a notice of report of sale and third-party purchaser information; appellant was the purchaser.

{¶ 8} In August 2020, plaintiff filed a motion to confirm the sale. The trial court granted the motion and confirmed the sale in October 2020. In January 2021, plaintiff filed its "motion to set aside deed, vacate October 5, 2020 confirmation entry, return funds to purchaser, vacate March 19, 2019 judgment entry, and dismiss case." The third-party purchaser, appellant, opposed the plaintiff's motion.

{¶ 9} In a January 5, 2022 judgment the trial court granted plaintiff's motion, finding that appellee properly exercised its right of redemption. The trial court ordered the deed recorded from the sale be vacated and set aside, all funds deposited from the sale be returned to appellant, the decree of foreclosure and judgment previously entered be vacated, and dismissed the case.[2]

{¶ 10} Appellant raises the following sole assignment of error for our review:

I.     Plaintiff-appellee did not establish redemption of the subject real estate in accordance with R.C. [Section] 5721.01, et seq. so as to grant plaintiff-appellee's Civ.R. 60(B) motion to set aside deed, vacate the October 5, 2020 confirmation entry and the March 19, 2019 judgment entry.

**Law and Analysis**

{¶ 11} To prevail on a motion brought under Civ.R. 60(B), a movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries,* 47 Ohio St.2d 146, 150-151, 351 N.E.2d

---

[2] The trial court's judgment has been stayed pending the resolution of this appeal.

113 (1976). A failure to establish any one of the three requirements will cause the motion to be overruled. *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984). A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this court absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} The requirement pertinent to this case provides for relief if "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Civ.R. 60(B)(4).

{¶ 13} In its motion, plaintiff maintained that "the tax certificates in this action were paid in full shortly before the confirmation of sale was entered and [appellee] properly exercised its right of redemption." Plaintiff attached the deed conveying title of the property to appellant as an exhibit to its motion.

{¶ 14} Appellant opposed plaintiff's motion, contending that plaintiff failed to meet "its burden of production of evidentiary materials" required under Civ.R. 60(B). In response, plaintiff submitted an affidavit of an employee of the company that is plaintiff's servicer. The employee averred in relevant part that "[o]n September 29, 2020, [appellee] *wired* [*plaintiff*] funds in the amount necessary to redeem the tax certificate held by [plaintiff] against the property." (Emphasis

added.). The employee further averred that "[d]ue to a data entry error misclassifying the source of the redemption funds, [plaintiff] did not instruct counsel to withdraw the motion to confirm sale due to [appellee's] redemption of the tax certificate."

{¶ 15} R.C. 5721.25, governing tax foreclosure actions, provides in relevant part as follows:

> After a foreclosure proceeding has been instituted under Chapter 323. or this chapter of the Revised Code with respect to delinquent land, but before the filing of an entry of confirmation of sale pursuant to the proceeding or before the expiration of the alternative redemption period as may apply under section 323.78 of the Revised Code, any person entitled to redeem the land may do so by *tendering to the county treasurer* an amount sufficient, as determined by the court, to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, and the costs incurred in any proceeding instituted against such land under Chapter 323. or this chapter of the Revised Code, and by demonstrating that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes.

(Emphasis added.)

{¶ 16} "Once it is determined a person [or entity] is entitled to redeem the land, a court must determine whether that person [or entity] complied with 'the remaining requirements of R.C. 5721.25, i.e., whether it *tendered to the treasurer* an amount sufficient to cover the delinquency * * *.'" (Emphasis added.). *Lakeside REO Ventures, LLC v. Vandeleur Investors, LLC*, 10th Dist. Franklin No. 14AP-1011, 2015-Ohio-4254, ¶ 11, quoting *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, 140 Ohio St.3d 346, 2014-Ohio-3656, 18 N.E.3d 1151, ¶ 19.

{¶ 17} In support of its position that appellee did not properly redeem the delinquency, appellant cites to this court's decision in *Bates v. Postulate Invest., LLC*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937 (8th Dist.). In *Bates*, the dispute was between Bates and defendant Postulate regarding legal title to certain real property. In May 2004, the mortgagee bank filed a foreclosure action against Robert Otto, the owner of the property at that time. In April 2006, Bates learned that the property was in foreclosure and that Otto wished to sell it in order to avoid being foreclosed on. On May 19, 2006, Bates entered into a purchase agreement with Otto to buy the property for $85,000. The day before, on May 18, 2006, the trial court ordered a notice of sale for the property.

{¶ 18} The sheriff's sale occurred on June 19, 2006, and defendant Postulate was the successful bidder. Postulate paid the sheriff $7,000 at the sale and on June 30, 2006, paid the remaining balance that was $25,727.11, for a total sale price of $32,727.11.

{¶ 19} In June, July, and August 2006, Otto filed motions to stay confirmation of the sale. The trial court granted the motions and the last stay was to expire on August 21, 2006. On August 10, 2006, Otto conveyed the property to Bates via a warranty deed. Bates paid approximately $14,000 at closing and executed a mortgage for the remaining sale price balance. Bates's closing agent forwarded a check to the law firm representing the mortgagee bank that filed the foreclosure action.

{¶ 20} On August 31, 2006, the trial court confirmed the sheriff's sale. On September 13, 2006, Bates's deed was recorded, and on September 29, 2006, Postulate's deed was recorded.

{¶ 21} In October 2006, Bates filed a declaratory judgment action seeking to quiet title to the subject property against Postulate. Both parties filed motions for summary judgment. The trial court denied Postulate's motion, granted Bates's motion, ordered the county auditor to list Bates as the legal title holder, and ordered that the sheriff's deed to Postulate be vacated.

{¶ 22} On appeal, this court considered the right to redemption under R.C. 2329.33, noting that it is "'absolute and may be validly exercised at any time prior to the confirmation of [the foreclosure] sale.'" *Bates*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, at ¶ 19, quoting *Women's Fed. Sav. Bank v. Pappadakes*, 38 Ohio St.3d 143, 146, 527 N.E.2d 792 (1988).

{¶ 23} This court noted that Bates was on notice (actual and constructive)[3] of the foreclosure in April 2006, and therefore she was on notice that any interest she acquired in the property was "at risk and subject to the final outcome of the litigation." *Bates* at ¶ 21. This appellate court found that after the sheriff's sale was confirmed on August 31, 2006, Postulate became the legal title holder of the

---

[3] Constructive knowledge derives from the doctrine of lis pendens. "Lis pendens prevents third parties who claim to have 'acquired interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment. The doctrine places any such conveyed interest at risk and notifies the parties that they 'are bound by the decree and sale thereunder.'" (Citations omitted.) *Bates* at ¶ 16.

property and Otto could no longer exercise his redemption rights. This was so because "instead of exercising his right to redeem by depositing the amount of the judgment during the stay, Otto sold the property to Bates" and sent the sale proceeds to the mortgagee's lawyers. *Id*. at ¶ 22. Thus, this court reversed trial court's judgment, reasoning as follows:

> Because the plaintiffs transacted their interest at their peril and were bound by the outcome of the pending foreclosure action under the doctrine of lis pendens and in light of Otto's failure to properly exercise his right of redemption, we find that no genuine issue of material fact exists and Postulate is the legal title holder of the subject property. Thus, we reverse the trial court's granting of summary judgment in favor of plaintiffs and enter summary judgment in favor of Postulate, consistent with the valid and final judgment in [the foreclosure case].

*Bates* at ¶ 24.

{¶ 24} In the case at hand, the affidavit plaintiff submitted to the trial court in support of its Civ.R. 60(B) motion fails to demonstrate that appellee complied with R.C. 5721.25 in exercising its right to redemption. That is, it failed to demonstrate that the required funds were tendered to the county treasurer's office prior to the confirmation of sale. Because appellee failed to meet the statutory requirements, the trial court abused its discretion in granting plaintiff relief under Civ.R. 60(B). Appellant's sole assignment of error is therefore well taken.

{¶ 25} Judgment vacated; case remanded with instructions that the October 5, 2020 confirmation entry and the March 19, 2019 judgment be reinstated.

It is ordered that appellant recover from appellee, Tax Ease Ohio, L.L.C., costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR