[Cite as *McManus v. Stump*, 2024-Ohio-2093.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JOHN MCMANUS,<br>AS TREASURER OF<br>MONTGOMERY COUNTY, OHIO | : | |
| | : | C.A. No. 30041 |
| Appellee | : | Trial Court Case No. 2023 CV 3060 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| CHARLES STUMP, ET AL. | : | |
| | : | |
| Appellants | | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 31, 2024

. . . . . . . . . . .

CHARLES STUMP AND MELIA RAMBO-STUMP, Pro Se Appellants

MICHELE D. PHIPPS, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendants-Appellants Charles Stump and Melia Rambo-Stump appeal pro se from a judgment granting foreclosure of their property based on the tax lien of Plaintiff-Appellee John McManus as Treasurer of Montgomery County, Ohio. Appellants failed to challenge the validity of the foreclosure order and instead seek to redeem the property.

The current appeal, however, concerns only the foreclosure order, which is separate and distinct from the confirmation proceedings. Accordingly, there is no basis for reversal, and the trial court's judgment will be affirmed.

## I. Factual and Procedural Background

{¶ 2} On June 13, 2023, McManus filed a complaint for foreclosure of delinquent real estate taxes against the following parties: Charles Stump; unknown spouse of Charles Stump; Melia Rambo-Stump; unknown spouse of Melia Rambo-Stump; Credit Acceptance Corporation; and unknown tenants. The complaint alleged that the amount of taxes, assessments, charges, and penalties due and unpaid was $20,526.48 and was the first and best lien on real property identified as R72 03403 0065 ("Property"). The complaint also alleged that the defendants may have had some interest in the Property. McManus asked the court to find that he had a good and valid first and best lien, to foreclose the defendants' equity of redemption, and to issue an order of sale.

{¶ 3} On October 25, 2023, McManus filed a motion for default judgment and decree of foreclosure, which noted the methods of service and dates of service completion. On January 4, 2024, McManus filed a final judicial report, which reflected the current total of taxes due in the amount of $21,670.61.

{¶ 4} On January 5, 2024, the trial court entered default judgment and a decree of foreclosure against Defendants-Appellants, finding that Charles Stump was the owner of record of the property and that McManus had the first and best lien on the property in the amount of $23,314.66, which included taxes, assessments, penalties, interest, court costs, and charges, including currently due and unpaid installments. Consequently, the

trial court ordered that an order of sale be issued to the Montgomery County Sheriff to sell the Property.

{¶ 5} Defendants-Appellants timely appealed.

## II. Discussion

{¶ 6} Having reviewed Defendants-Appellants' pro se brief, we note that it fails to comply with App.R. 16(A), which contains various requirements for briefs, including: "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"; "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates"; "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule"; and "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "Where an appellant fails to comply with these requirements, App.R. 12(A)(2) allows us to disregard a party's assignments of error." *State v. Huelsman*, 2d Dist. Miami No. 2022-CA-21, 2023-Ohio-649, ¶ 7, citing *State v. Mize*, 2022-Ohio-3163, 195 N.E.3d 574, ¶ 77 (2d Dist.). Despite this failure, we may decide to consider error in the interests of justice but are not required to do so. *E.g., Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn.*, 2018-Ohio-4350, 122 N.E.3d 249, ¶ 43 (2d Dist.) (disregarding alleged error); *Ransom v. Aldi, Inc.*, 2017-Ohio-6993, 95 N.E.3d 699, ¶ 23 (2d Dist.) (considering error in the interest of justice).

{¶ 7} Even if we were inclined to consider Defendants-Appellants' brief, it is simply a letter addressed to "Whomever It May Concern." In the letter, Defendants-Appellants state that they "have the money to start our payment plan" and will pay that amount plus court fees. Defendants-Appellants further request "another chance" and assert that they "will get this taken care of" and "are now financially prepared to make the payment arrangement and down payment on the past due property taxes."

{¶ 8} Statutory procedures for delinquent lands are found in R.C. Chapter 5721. Under R.C. 5721.10, "[i]f the taxes have not been paid for one year after having been certified as delinquent, the state shall institute foreclosure proceedings in the manner provided by section 323.25, sections 323.65 to 323.79, or sections 5721.01 to 5721.28 of the Revised Code * * *."

{¶ 9} Forfeiture proceedings on the state's lien are brought under R.C. 5721.18 by the county prosecuting attorney in the name of the county treasurer. This statute discusses other procedures, including taking a default judgment against persons who fail to file answers within 28 days after service of process is complete. *See* R.C. 5721.18(B)(2)(a).

{¶ 10} When the court enters a foreclosure judgment, it will order the premises to be sold pursuant to the procedures in R.C. 5721.19. However, R.C. 5721.25 also provides procedures for redemption of delinquent land, providing that an interested party may prevent the sale by redeeming the property before the entry confirming the sale is filed. Redemption can occur in two ways, either: (1) "by tendering to the county treasurer an amount sufficient, as determined by the court, to pay the taxes, assessments, penalties,

interest, and charges then due and unpaid, and the costs incurred in any proceeding instituted against such land under Chapter 323. or this chapter of the Revised Code, and by demonstrating that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes"; or (2) by entering "into a delinquent tax contract with the county treasurer for the payment of the taxes, assessments, penalties, interest, and charges found to be due and unpaid on such land, together with the costs incurred in the proceeding as determined by the court or board of revision, upon demonstrating that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes." However, the latter option is only available if the party attempting to redeem "has not previously defaulted on a delinquent tax contract under section 323.31 of the Revised Code with respect to that delinquent land * * *." *Id.*

{¶ 11} A foreclosure order is final and appealable, and the second phase of the proceeding, which includes confirmation, "'is viewed as a separate and distinct action seeking enforcement of an order of sale and decree of foreclosure." *Countrywide Home Loans Servicing v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, ¶ 6, quoting *Triple F Invests. v. Pacific Fin. Servs., Inc.*, 11th Dist. No. 2000-P-0090, 2001 WL 589343, *3 (June 2, 2001). "The purchaser at a sheriff's sale is on notice that the sale is not final until confirmation. Before confirmation, the owner can redeem the property just as a lienholder or other person with an interest in the property can, even if the owners – or lienholders – 'sit on their hands' until after the sheriff's sale." *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*,

140 Ohio St.3d 346, 2014-Ohio-3656, 18 N.E.3d 1151, ¶ 17.

{¶ 12} Based on the foregoing, Defendants-Appellants have a remedy, should they choose to elect it before confirmation of the sale. Nevertheless, the redemption procedures have nothing to do with the judgment before us, which simply concerns the trial court's decision to grant foreclosure of the Property. Because Defendants-Appellants have failed to raise any challenge to the foreclosure order itself, their assignment of error, such as it is, has no merit. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.