[Cite as *McManus v. Villalva*, 2026-Ohio-207.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JOHN MCMANUS, AS TREASURER OF MONTGOMERY COUNTY, OHIO | : | C.A. No. 30551 |
| | : | |
| Appellees | : | Trial Court Case No. 2025 CV 00511 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| CARLOS LEON VILLALVA, ET AL. | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 23, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

OPINION

CARLOS LEON VILLALVA, Appellant, Pro Se
ANDREW T. FRENCH, Attorney for Appellee

TUCKER, J.

{¶ 1} Carlos Leon Villalva appeals pro se from the trial court's entry of default judgment against him on plaintiff-appellee Montgomery County Treasurer's complaint for foreclosure of delinquent real estate taxes.

{¶ 2} Villalva does not challenge the trial court's default judgment or foreclosure decree. Instead, he asserts that he has negotiated a payment plan and is redeeming the property. The present appeal, however, concerns only the default judgment and foreclosure decree, matters that are distinct from a statutory pre-confirmation redemption process. Finding no basis for reversal, we affirm the trial court's judgment.

## I. Background

{¶ 3} In January 2025, the Treasurer filed a complaint for foreclosure of delinquent real estate taxes on Villalva's property. After failing to obtain service on Villalva or several other defendants, the Treasurer perfected service by publication and later moved for default judgment. On June 30, 2025, the trial court sustained the motion and entered a decree of foreclosure. The trial court ordered the property to be sold at a sheriff's sale. This appeal followed.

## II. Analysis

{¶ 4} Villalva's appellate "brief" is a letter addressed to "Whom It May Concern." He asserts that the subject property is on a payment plan, that he has paid some delinquent taxes, and that he has paid court costs associated with the property. Villalva states that his

"plan going forward is to make all payments and get it down to a zero balance owed." The letter contains no assignment of error and does not challenge the trial court's default judgment.

**{¶ 5}** Villalva's statements about a payment plan implicate R.C. 5721.25, which addresses redeeming "delinquent land" after foreclosure proceedings have been initiated but "before the filing of an entry of confirmation of sale" or the expiration of an alternative redemption period. A sheriff's sale of real estate is not final until confirmation, and the owner may redeem the property before confirmation occurs. *McManus v. Stump*, 2024-Ohio-2093, ¶ 11 (2d Dist.). But the statutory redemption process has nothing to do with a trial court's default judgment granting foreclosure. *Id*. at ¶ 12. Therefore, Villalva has not identified any grounds for reversal.

### III. Conclusion

**{¶ 6}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.