[Cite as *Amara v. ATK Space Sys.*, 2016-Ohio-7093.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | |
|---|---|
| AYMAN AMARA | : |
| | : Appellate Case No. 2015-CA-22 |
| Plaintiff-Appellant | : |
| | : Trial Court Case No. 14-CV-535 |
| v. | : |
| | : (Civil Appeal from |
| ATK SPACE SYSTEMS, et al. | :  Common Pleas Court) |
| | : |
| Defendant-Appellees | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2016.

. . . . . . . . . .

AYMAN AMARA, 7637 Maple Street, Dearborn, Michigan 48126
          Plaintiff-Appellant

MICHAEL DeWINE, Atty. Reg. No. 0009181, by JOHN R. SMART, Atty. Reg. No. 0042357, Ohio Attorney General's office, 150 East Gay Street, 22nd Floor, Columbus, Ohio 43215
          Attorney for Defendant-Appellees

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Ayman Amara appeals from a judgment of the Greene County Court of Common Pleas dismissing his appeal from an order of the Industrial

Commission denying his request for the right to participate in the workers' compensation fund for an additional condition ("disc herniation L4-5"). For the reasons that follow, we Affirm.

## I. The Course of Proceedings

{¶ 2} Amara sustained a work-related injury in 2005. He made a claim for workers' compensation benefits, which was allowed. In 2010, Amara filed a request for an additional condition of "disc herniation L4-5." Following a hearing, the request was denied. On September 11, 2010, the Ohio Industrial Commission refused further appeal.

{¶ 3} Amara filed an appeal to the Greene County Court of Common Pleas. He later voluntarily dismissed that appeal pursuant to Civ.R. 41(A). Amara subsequently re-filed the appeal. The trial court dismissed the case on September 6, 2013, due to Amara's failure to appear for court-ordered mediation, or to respond to a show-cause order.

{¶ 4} On August 21, 2014, Amara re-filed the appeal. The matter was assigned for mediation. Amara did not appear for mediation. The trial court issued a notice to show cause why the appeal should not be dismissed. On February 2, 2015, Amara filed a document entitled "Notice of Change of Venue," in which he sought to transfer venue to the United States District Court for the Southern District of Michigan, where he now resides. In his Notice, Amara claimed that he attempted to reschedule the mediation, due to the fact that traveling from New York or Michigan to Ohio was difficult because it "exasperated" his back pain. Amara claimed that two exhibits attached to his Notice corroborated this claim.[1]

---

[1] We disagree. The documents consist of a notice of hearing issued by the Industrial

{¶ 5} Amara's Notice also cited R.C. 2901.12 and Crim.R. 18 as authority for the requested change of venue, which Amara claimed was necessary because "extensive and ongoing pretrial publicity makes it presumptively impossible to seat an impartial jury" in his case. He further claimed that the trial court was discriminating against him based upon his disability, nationality, and religion. He argued that he was entitled, under the "ADA," to protect his rights to the effective assistance of counsel, Due Process of Law, Equal Protection, and to the right to confront the State's witnesses.

{¶ 6} The trial court dismissed the case, pursuant to Civ.R. 41(B)(1), on February 11, 2015. The trial court specified that the dismissal was without prejudice. Amara appeals.

## II. The Trial Court Did Not Abuse its Discretion by Dismissing Amara's Appeal for Failure to Prosecute

{¶ 7} Amara's First Assignment of Error states as follows:

THE COURT OF COMMON PLEAS ERRED IN DISMISSING THE MOTION OF [SIC] CHANGE OF VENUE AND DISMISSING THE CASE MULTIPLE TIMES WITHOUT PREJUDICE. WHILE PLAINTIFF-APPELLANT HAS THE RIGHT OF FAIR MEDIATION AND SETTLEMENT, STATE OF OHIO AND/OR GREENE COUNTY FAIL TO BE FAIR

---

Commission, as well as an e-mail from the Greene County Assignment Clerk, dated December 2, 2014, informing Amara that the mediation would take place on January 30, 2015, as scheduled. While the e-mail can be construed as a response to a request for a continuance, it can just as easily be construed as a response to an inquiry as to whether the mediation remained on the schedule. There is no filing in the record seeking a continuance.

PURSUANT TO 4123.56, SECTION (8) AND TITLE III OF ADA AND FAIL TO ALLEVIATE PAIN OF PLAINTIFF-APPELLANT OR SETTLE THE CASE FAIRLY.

{¶ 8} Amara contends that the trial court abused its discretion by dismissing the case. He argues that the ADA guarantees him the right to participate in "all activities of State and local governments * * * and to benefit from all of their programs, services, and activities." It appears that Amara believes that the trial court violated the Americans with Disabilities Act by dismissing this action.

{¶ 9} Civ.R. 41(B)(1) states that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." "Civ.R. 41(B)(3) states that '[a] dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.' Thus, the rule provides that a dismissal is an adjudication on the merits, unless the court order provides otherwise. The Staff Note states that a dismissal under Civ.R. 41(B) is a dismissal with prejudice unless the court's order affirmatively provides otherwise." *Pembaur v. Leis*, 1 Ohio St.3d 89, 90, 437 N.E.2d 1199 (1982). The decision to dismiss a case pursuant to Civ.R. 41(B)(1) rests within the sound discretion of the trial court, and appellate review is limited solely to whether the trial court abused that discretion. *Pembaur,* at 91.

{¶ 10} Amara received notice, in the form of a show-cause order, of the trial court's intent to dismiss the action. Amara's Notice of Change of Venue failed to justify his

absence from the mediation. In the Notice, Amara claimed that he attempted to communicate and reschedule the mediation due to an unspecified illness, or because traveling to the mediation would "exasperate" his pain resulting from his back injury, but there is nothing in the record to support this claim. Furthermore, as noted by the trial court, Amara had previously, in one of the prior actions, failed to attend mediation as ordered by the court. *See Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997) ("Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action.").

{¶ 11} Amara has attached documents to his appellate brief, which he claims corroborate his arguments. But these documents are not a part of the record before us, and therefore we cannot consider them. We do note that while the documents indicate that he discussed postponing the scheduled mediation with opposing counsel (who indicated that a postponement was acceptable so long as the mediator agreed), they do not support a finding that he ever broached the subject of a postponement with either the trial court or the mediator. Again, no pleadings requesting a continuance were filed.

{¶ 12} There is nothing in this record to support a conclusion that the trial court acted in a discriminatory manner so as to violate the ADA or any other statutory law.

{¶ 13} We conclude that the trial court did not abuse its discretion in dismissing Amara's case. Amara's First Assignment of Error is overruled.

### III. The Trial Court Did Not Err by Declining Amara's Request to Transfer this Ohio Statutory Appeal to a Federal District Court in Another State

{¶ 14} Amara's Second Assignment of Error states:

THE COURT OF COMMONS [SIC] PLEAS HAS AUTHORIZED MEDIATOR AND ATTORNEY GENERAL TO VIOLATE ADA BY DENYING PLAINTIFF-APPELLANT RIGHTS TO CHANGE VENUE OF ALL CASES.

{¶ 15} Amara argues that the failure to change venue in all of his cases constitutes a violation of the ADA.

{¶ 16} We first note that we are rendering our decision solely upon the appeal currently before us; we have no knowledge regarding any other litigation that Amara may be pursuing. Furthermore, we again note that we find nothing in this record to support a conclusion that Amara is the victim of discrimination. Finally, Amara has not cited, nor have we found, any support for the contention that an Ohio court has the authority to transfer an action based upon an Ohio statute to a federal court in another state. His motion for change of venue was premised upon criminal law principles regarding the right to an impartial jury, which have no application to this civil action.

{¶ 17} The Second Assignment of Error is overruled.

### III. Conclusion

{¶ 18} Both of Amara's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL, J., and WELBAUM, J., concur.

Copies mailed to:

Ayman Amara
Michael DeWine
John R. Smart
Hon. Stephen Wolaver