[Cite as *Ransom v. Aldi, Inc.*, 2017-Ohio-6993.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ALICE M. RANSOM | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 27425 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-87 |
| | : | |
| ALDI, INC. (OHIO), et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of July, 2017.

. . . . . . . . . . .

ALICE M. RANSOM, 4009 Cozy Croft Drive, Dayton, Ohio 45424
     Plaintiff-Appellant-Pro Se

MARSHAL M. PITCHFORD, Atty. Reg. No. 0071202, 209 South Main Street, Third Floor,
Akron, Ohio 44313
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-appellant, Alice M. Ransom, appeals pro se from the decision of the Montgomery County Court of Common Pleas dismissing her personal injury action against defendant-appellee, Aldi, Inc., pursuant to Civ.R. 37(B)(1)(e) and Civ.R. 41(B)(1). For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 7, 2016, Ransom filed a personal injury action against the supermarket chain Aldi, Inc. ("Aldi"). Ransom alleged that in January 2014, Aldi negligently allowed a hazardous condition to exist at a premises it operated in Huber Heights, Ohio, which caused her to suffer physical injuries. Following service of the complaint, Aldi filed a timely answer on January 25, 2016, and served discovery requests on Ransom. Over the next two months, the parties filed notices with the trial court indicating that they had exchanged initial discovery responses.

{¶ 3} On May 11, 2016, Aldi filed a deposition notice with the trial court advising that Ransom would be deposed on June 14, 2016, at the offices of Mike Mobley Reporting in Dayton, Ohio. Aldi maintains that the parties agreed the deposition would only cover the issue of liability. There is no dispute that Ransom attended the June 14th deposition as scheduled.

{¶ 4} A few weeks after the deposition, Ransom's trial counsel moved to withdraw his representation on grounds that he and Ransom had not been able to agree on the strategy of the case. The trial court issued an order granting counsel's motion to withdraw on July 14, 2016, noting that Ransom would be proceeding pro se until she

retained replacement counsel.

**{¶ 5}** After Ransom's counsel withdrew from the case, Aldi struggled to obtain discovery from Ransom. On July 20, 2016, Aldi served Ransom with 12 authorization forms for the release of medical information for her to sign and return. Five weeks and multiple letters later, Aldi had not received any of the executed authorization forms from Ransom, who was still proceeding pro se. As a result, on August 24, 2016, Aldi filed a Civ.R. 37 motion to compel Ransom to execute the authorization forms. In support of the motion, Aldi attached three letters it had sent to Ransom on July 21, August 5, and 17, 2016, requesting that she sign and return the authorization forms.

**{¶ 6}** At the time Aldi filed its motion to compel, Aldi also filed a second deposition notice advising the trial court that Ransom would be deposed on September 8, 2016, for purposes of addressing damages. It is undisputed that Ransom failed to appear at the September 8th damages deposition. As a result, on September 9, 2016, Aldi filed another Civ.R. 37 motion to compel, this time compelling Ransom's attendance at a damages deposition.

**{¶ 7}** In support of its motion compelling a damages deposition, Aldi attached three letters it had sent to Ransom on July 21, August 5, and August 17, 2016, requesting her to contact Aldi's counsel for purposes of scheduling the deposition. In the last letter, Aldi's counsel provided Ransom with three possible deposition dates and advised that if she did not contact him, he would move forward with scheduling the deposition on one of the dates provided. Since Ransom did not respond, Aldi's counsel scheduled the deposition for September 8th.

**{¶ 8}** Aldi also attached a transcript of the attempted damages deposition to its

motion to compel. In the transcript, Aldi's counsel stated on the record that the day before the deposition, Ransom left an after-hours voice message on his office line at 11:47 p.m., in which Ransom failed to indicate whether she planned to attend the deposition. Counsel also indicated that Ransom sent him an after-hours e-mail at 12:12 a.m. on the morning of the deposition indicating that she had a conflict and would not be attending the deposition.

{¶ 9} On September 12, 2016, the trial court issued an order compelling Ransom to attend a damages deposition and to provide Aldi with three different dates between September 26 and October 14, 2016, on which she could be deposed. The trial court also ordered Ransom to provide the deposition dates to Aldi within seven days of the court's order. The court further noted that Ransom's failure to comply with its order may result in sanctions, including but not limited to the dismissal of her case with prejudice.

{¶ 10} Four days later, on September 16, 2016, the trial court also issued an order compelling Ransom to execute and provide Aldi with the 12 medical authorization forms within seven days of the order. The court again noted that Ransom's failure to comply with the order would result in sanctions, including but not limited to dismissal of her case with prejudice.

{¶ 11} On September 16, 2016, Ransom filed a pro se motion requesting the trial court to cancel the damages deposition on grounds that it is redundant and because the parties allegedly agreed to have only one deposition. In the alternative, Ransom requested the trial court to permit the deposition to be rescheduled for either October 25, 26 or November 9, 2016, and to order the deposition to last only one hour by telephone. Ransom claimed that she could only attend a deposition on the dates provided because

she had various doctor's appointments stemming from the injury she sustained at Aldi's premises in 2014.

{¶ 12} In support of her motion, Ransom also generally alleged that she had a "medical episode" that prevented her from appearing at the September 8, 2016 damages deposition. Ransom further claimed that she had been working with an unnamed attorney who she thought attempted to reschedule the damages deposition with Aldi; however, Ransom admitted that the attorney never clarified whether he had done so. Ransom also maintained that she had called and e-mailed Aldi's counsel the day before the September 8th deposition in an attempt to alert him to her medical emergency and her inability to attend the deposition. In addition, Ransom alleged that she provided the executed medical authorization forms to her former counsel, who she believed provided the forms to Aldi. Ransom, however, provided no evidence supporting any of these claims. It also should be noted that Ransom's former counsel had withdrawn from the case before Aldi served Ransom with the 12 medical authorization forms in question.

{¶ 13} Aldi responded to Ransom's motion by filing a Civ.R. 37(B)(1)(e) and Civ.R. 41(B)(1) motion to dismiss as a result of Ransom's failure to comply with the trial court's discovery orders and failure to cooperate in discovery. Specifically, Aldi claimed that Ransom failed to: (1) participate in a September 15, 2016 status conference as ordered by the trial court on August 26, 2016; (2) provide three damages deposition dates between September 26 and October 14, 2016, as ordered by the court on September 12, 2016; and (3) sign and provide Aldi with the 12 authorization forms for the release of her medical information as ordered by the trial court on September 16, 2016.

{¶ 14} In response to Aldi's motion to dismiss, the trial court issued an order on

October 24, 2016, compelling Ransom to provide Aldi with: (1) three dates between November 16, 2016, and December 15, 2016, on which she is available for a damages deposition; and (2) the 12 medical authorization forms that were ordered by the court on September 16, 2016. The trial court noted that it realized Ransom was proceeding pro se and that "she may not be aware of the responsibilities incumbent upon a plaintiff brining a lawsuit." Order to Compel (Oct. 24, 2016), Montgomery County Court of Common Pleas Case No. 2016 CV 0087, Docket No. 37, p. 2. However, the court advised Ransom that she was nevertheless responsible for responding to discovery requests for medical information and participating in depositions. The trial court further noted that if Ransom failed to comply with its order by November 15, 2016, the court would grant Aldi's motion to dismiss the case with prejudice.

{¶ 15} The day before the November 15th deadline, Ransom filed a second pro se motion. The motion was a duplicate of Ransom's first pro se motion, except for a small addendum on the last page. In the addendum, Ransom stated that she had not received a response from the trial court concerning her request to either cancel or reschedule the damages deposition. She did, however, provide three possible dates for the damages deposition—December 12th, 13th, and 14th, 2016. Ransom also indicated that she had sent 11 of 12 "corrected" medical authorization forms to Aldi. Ransom attached copies of the signed authorization forms she sent, all of which were altered. Specifically, Ransom altered each of the authorization forms to change the dates of the records request from "January 1, 2004 to present" to "January 1, 2009 to present," thus reducing Aldi's request by five years.

{¶ 16} Following Ransom's motion, Aldi filed a damages deposition notice

indicating that Ransom would be deposed on December 12, 2016, at the office of Mike Mobley Reporting located in Dayton, Ohio. Aldi also filed a supplemental brief in support of its Civ.R. 37(B)(1)(e) and Civ.R. 41(B)(1) motion to dismiss on grounds that Ransom had failed to abide by the trial court's October 24, 2016 order in that she only provided 11 of the 12 authorization forms and improperly altered them.

{¶ 17} On December 6, 2016, the trial court issued a decision and order overruling both of Ransom's pro se motions. In addition, the trial court once again ordered Ransom to comply with its discovery order of October 24, 2016, and warned that if she did not comply with the discovery order within seven days, it would grant Aldi's motion to dismiss the case with prejudice.

{¶ 18} Eight days later, on December 14, 2016, Ransom filed a pro se response to the trial court's December 6th order in which she indicated that the medical authorizations were executed and received by Aldi. Ransom also indicated that she was unable to attend the damages deposition scheduled for December 12, 2016, claiming the injuries she sustained at Aldi's premises prevented her from safely entering the office of Mike Mobley Reporting. Despite having a month's notice of the deposition location, Ransom claimed that she called Mike Mobley Reporting the day of the deposition to inquire about whether the office was handicap accessible, and learned that it was not. She claimed that she attempted to call Aldi's counsel three times on the day of the deposition to discuss her mobility restrictions, but that counsel never answered her calls and refused to discuss alternative locations for the deposition. In addition, Ransom cited inclement weather as a factor preventing her attendance.

{¶ 19} Aldi filed a reply to Ransom's response in which Aldi confirmed that Ransom

had only provided 11 of the 12 authorization forms, which were improperly altered. Aldi also argued that Ransom never had any issues accessing the office of Mike Mobley Reporting during her June deposition and that she never informed Aldi of any mobility restrictions until 30 minutes before the December 12th deposition was scheduled to begin. Aldi also reiterated that Ransom had at no point submitted any statement from a medical professional substantiating her claims as to her health restrictions and inability to attend the noticed depositions. Accordingly, Aldi once again requested the trial court to dismiss her case.

{¶ 20} After providing Ransom with four warnings, on December 28, 2016, the trial court granted Aldi's Civ.R. 37(B)(1)(e) and Civ.R. 41(B)(1) motion to dismiss and dismissed her personal injury action with prejudice. Specifically, the trial court found that Ransom had failed to comply with its discovery orders and failed to cooperate in discovery.

{¶ 21} Ransom now appeals pro se from the dismissal of her case.


**Law and Analysis**

{¶ 22} Ransom's appellate brief fails to specify any assignments of error for this court's review. Pursuant to App.R. 16(A)(3), an appellant's brief shall include a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." We note that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." (Citation omitted.) *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. "A litigant proceeding pro se 'cannot expect or demand

special treatment from the judge, who is to sit as an impartial arbiter.' " (Citation omitted.) *Dunina v. Stemple*, 2d Dist. Miami No. 2007 CA 9, 2007-Ohio-4719, ¶ 3, quoting *Yocum* at ¶ 20.

{¶ 23} Although Ransom has failed to follow the standards for appellate brief writing as provided for in App.R. 16(A), in the interest of justice, we generally construe Ransom's argument on appeal as challenging the trial court's dismissal of her case on grounds that she did not receive a majority of the court filings due to various "miscommunication issues." Among these miscommunication issues are Ransom's inability to access court filings on the online docket system and the trial court's failure to return her telephone calls and e-mails. According to Ransom, the trial court should have provided her with guidance in this lawsuit and should have alerted her to any missed deadlines. Ransom suggests that the various "miscommunication issues" violated her constitutional rights to free speech, a fair trial, and due process. Ransom further alleges that she complied with the trial court's order to provide Aldi with the executed authorization forms for the release of her medical records.

{¶ 24} That said, "[a] trial court is permitted to dismiss a case * * * against a party who fails to comply with a court order, including discovery orders." *Ohio Bell Tel. Co. v. C-5 Constr.*, Inc., 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, ¶ 32, citing Civ.R. 37(B) and Civ.R. 41(B)(1). To that end, Civ.R. 37(B)(1)(e) provides, in pertinent part, that: "If a party * * * fails to obey an order to provide or permit discovery, including an order made under Civ.R. 35 or Civ.R. 37(A), the court may issue further just orders. They may include the following: * * * (e) Dismissing the action or proceeding in whole or in part[.]"

**{¶ 25}** While Civ.R. 37(B)(1)(e) permits a court to dismiss an action for a party's failure to comply with a discovery order, "dismissal is ordered pursuant to Civ.R. 41(B)(1), and the two rules 'should be read in pari materia with regard to dismissals for prejudice.' " (Emphasis omitted.) *Sutherland v. Trotwood/Madison Bd. of Educ.*, 2d Dist. Montgomery No. 19107, 2002WL472007, *2 (Mar. 29, 2002), quoting *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986).

**{¶ 26}** Civil Rule 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

**{¶ 27}** "[T]he notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)[(1)(e)] for failure to comply with discovery orders." (Citations omitted.) *Foley v. Nussbaum*, 2d Dist. Montgomery No. 24572, 2011-Ohio-6701, ¶ 24. " 'For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.' " *Farmer v. PNC Bank, N.A.*, 2017-Ohio-4203, ___N.E.3d___, ¶ 32 (2d Dist.), quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), syllabus.

**{¶ 28}** We note that dismissal is a harsh sanction, and "should be reserved for cases when a party's conduct falls substantially below what is reasonable under the circumstances, evidences a complete disregard for the judicial system or the rights of the opposing party, or when the failure to comply with discovery orders is due to willfulness or bad faith." (Citations omitted.) *Foley* at ¶ 20. "Where a party's conduct is 'negligent,

irresponsible, contumacious or dilatory,' it may provide grounds for a dismissal with prejudice for a failure to prosecute or to obey a court order." *Id.*, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632, 605 N.E.2d 936 (1992). (Other citation omitted.)

{¶ 29} "The decision to dismiss a case pursuant to Civ.R. 41(B)(1) rests within the sound discretion of the trial court, and appellate review is limited solely to whether the trial court abused that discretion." *Amara v. ATK Space Sys.*, 2d Dist. Greene No. 2015-CA-22, 2016-Ohio-7093, ¶ 9, citing *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982). Likewise, "[t]rial courts have sound discretion in deciding what sanctions to impose under Civ.R. 37(B)." *Farmer* at ¶ 29, citing *Quonset* at 47-48. "The Supreme Court of Ohio has held that '[t]he discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses. A reviewing court's responsibility is merely to review these rulings for an abuse of discretion.' " *Winkle v. Co*, 2d Dist. Montgomery No. 27066, 2016-Ohio-6957, ¶ 62, quoting *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

{¶ 30} An abuse of discretion is defined as "attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 31} After a thorough review of the record, we do not find that the trial court's

decision dismissing Ransom's personal injury action with prejudice pursuant to Civ.R. 37(B)(1)(e) and Civ. R. 41(B)(1) was an abuse of discretion. The trial court's judgment entries of September 12, 16, October 24, and December 6, 2016, each warned Ransom that her failure to comply with its discovery orders would result in dismissal of her case with prejudice, and yet, she failed to provide discovery as ordered.

{¶ 32} Ransom's claim that she did not receive a majority of the court filings and could not access the documents on the court's online docket system does not warrant reversal of the trial court's decision dismissing her case. Certificates of service were affixed on all of Aldi's court filings indicating that they were forwarded to Ransom's home address. Moreover, a review of Ransom's pro se filings indicate that she received the pertinent court orders that put her on notice of her responsibilities with respect to discovery.

{¶ 33} At the very least, Ransom's pro se motion of November 14, 2016, indicates that she received the trial court's discovery order of October 24, 2016, which provided as follows:

Since Plaintiff is proceeding pro se, the Court realizes that she may not be aware of the responsibilities upon a plaintiff bringing a lawsuit. These responsibilities include responding to discovery requests for medical information in a personal injury suit and participating in depositions. The Court is responsible to ensure the efficiency of the judicial process. In light of this responsibility, the Court hereby orders Plaintiff to do the following on or before November 15, 2016:

1. Give Defendant three dates between November 16, 2016 and

December 15, 2016 that she is available for a damages deposition;

2. Provide Defendant with the medical authorizations that were ordered by this Court on September 16, 2016.

As an alternative, Plaintiff may dismiss her case without prejudice under Ohio Civ.R. 41(a) if she cannot comply with this Order. If Plaintiff fails to either comply with this ORDER by November 15, 2016 or to file a dismissal without prejudice under Ohio Civ.R. 41(a), this Court will grant Defendant's motion to dismiss. Such dismissal shall be with prejudice.

Order to Compel (Oct. 24, 2016), Montgomery County Court of Common Pleas Case No. 2016 CV 0087, Docket No. 37, p. 2.

**{¶ 34}** Following that order, Ransom signed and attached 11 altered medical authorization forms to her November 14th motion and provided three possible dates for her damages deposition, namely, December 12, 13, and 14, 2016. Accordingly, the November 14th motion was a timely, direct response to the trial court's October 24, 2016 discovery order, which clearly notified Ransom that her case would be dismissed with prejudice if she did not comply with the order.

**{¶ 35}** Despite this clear warning, Ransom failed to comply with the order by providing Aldi with altered authorization forms and omitting one of the forms altogether. We emphasize that the September 16, 2016 order referred to in the October 24th order specifically compelled Ransom to execute the 12 medical authorization forms that were specified by Aldi in its motion to compel. Ransom did not do this.

**{¶ 36}** After Aldi notified the trial court of the omitted and altered authorization forms, instead of dismissing the case, on December 6, 2016, the trial court gave Ransom

another chance to comply by issuing an order compelling her to comply with the October 24th order within seven days or have her case dismissed with prejudice. The record indicates that Ransom did not comply with this order either, as Ransom never provided Aldi with 12 executed, unaltered authorization forms.

{¶ 37} We note that while Ransom provided three dates for a damages deposition as ordered, she ultimately failed to attend the December 12, 2016 deposition that Aldi's counsel scheduled. Although the date and location of the December 12th deposition was noticed a month in advance, and although Ransom had previously been deposed at the office where the deposition was to be taken, the record indicates that Ransom waited until the last minute to notify counsel of her mobility restrictions that allegedly prevented her from accessing the office in question. Ransom also implied that inclement weather prevented her attendance, but her pro se filing of December 14, 2016, alleges that she advised Aldi's counsel that she was not against having the deposition at an alternate location later that same day, which indicates weather was not a real issue.

{¶ 38} We further note that this is not the first time Ransom has canceled a deposition at the last minute, as she engaged in similar conduct with respect to the damages deposition scheduled for September 8, 2016. Not only did Ransom cancel at the last minute, but her excuse for failing to attend the September 8th deposition was a vague "medical episode" that she failed to provide any evidence to substantiate. Overall, the record indicates that Ransom has engaged in a pattern of providing last minute excuses for failing to attend a damages deposition, which she has argued is unnecessary.

{¶ 39} In addressing Ransom's claim that the trial court should have provided her with guidance in this lawsuit, we note that the trial court is an impartial arbiter who cannot

provide legal advice to parties. As such, the trial court was not free to advise Ransom on how to proceed with her case. Moreover, even if her telephone calls and e-mails were unanswered by the trial court as she claims, this is not grounds for failing to comply with the trial court's discovery orders that Ransom was clearly aware of. It is clear from the record that Ransom, a pro se party, never fully appreciated the importance of discovery and how to properly proceed with her lawsuit. Ransom had ample opportunity to retain new counsel to assist her in this matter, but she insisted on litigating this matter herself, which, in this case, was to her detriment.

{¶ 40} As for her constitutional claims, Ransom makes blanket assertions, but fails to articulate any argument or basis for the alleged constitutional violations. After a thorough review of the record, we do not find that Ransom's constitutional challenges warrant discussion, as the determinative issue is whether the trial court abused its discretion in dismissing Ransom's case with prejudice.

{¶ 41} In conclusion, we find that Ransom had notice of the trial court's discovery orders and that Ransom was given ample time to comply with those orders and to cooperate in discovery, as the court did not dismiss her case until December 28, 2016. Despite the multiple warnings provided, Ransom continually failed to provide requested discovery materials and failed to attend scheduled depositions over a five month period. We find her actions and omissions with respect to discovery unreasonable, as they were dilatory and contumacious in nature. Accordingly, the trial court did not abuse its discretion in dismissing her personal injury action with prejudice pursuant to Civ.R. 37(B)(1)(e) and Civ.R. 41(B)(1).

## Conclusion

**{¶ 42}** The judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.

Copies mailed to:

Alice M. Ransom
Marshal M. Pitchford
Hon. Barbara P. Gorman