[Cite as *Sultaana v. Keefe Supply Co.*, 2021-Ohio-3881.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

HAKEEM SULTAANA,

        Plaintiff-Appellant,

    - v -

KEEFE SUPPLY COMPANY, et al.,

        Defendant-Appellee.

CASE NO. 2021-A-0009

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2017 CV 00052

## O P I N I O N

Decided: November 1, 2021
Judgment: Affirmed

*Hakeem Sultaana*, pro se, PID# A654-265, Mansfield Correctional Institution, 1150 North Main Street, P.O. Box 788, Mansfield, OH 44901 (Plaintiff-Appellant).

*Tracey L. Turnbull* and *Brodie L. Butland*, Porter, Wright, Morris & Arthur, LLP, 950 Main Avenue, Suite 500, Cleveland, OH 44113 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1}    Plaintiff-appellant, Hakeem Sultaana, appeals the trial court's dismissal of his Complaint with prejudice on the motion of defendant-appellee, Keefe Supply Company; the refusal to enforce his subpoena requests; the denial of his motion for relief from judgment; and the denial of his motion to supplement the record. For the following reasons, we affirm the judgment of the court below.

{¶2}  On January 24, 2017, Sultaana (an inmate of the Ohio prison system) filed a Complaint for Product Liability, Other Torts, Other Civil against Keefe Supply.  The case remained pending until its dismissal on February 26, 2021.

{¶3}  On March 9, 2021, Sultaana filed a Notice of Appeal.  Further details of the procedural history of this case will be provided under the appropriate assignments of error.

{¶4}  On appeal, Sultaana raises the following assignments of error:

{¶5}  "[1.] [The] trial court abused its discretion by dismissing with prejudice when the record confirms Sultaana gave notice he was placed on quar[a]ntine by prison officials and video zoom was down on 2-26-21 & the trial court never sent notice to prison officials."

{¶6}  "[2.] [The] trial court abused its discretion by denying Sultaana['s] request to compel non-party Lake Erie [Correctional Institution] to comply with his subpoena request."

{¶7}  "[3.] [The] trial court erred by denying Sultaana's Civil Rule 60(B) filing."

{¶8}  "[4.] [The] trial court abused its discretion in denying Sultaana's unopposed motion to supplement the record pursuant to Appellate Rule 9(E)."

{¶9}  Sultaana's assignments of error will be considered out of order.

{¶10}  In the fourth assignment of error, Sultaana argues the trial court erred by denying his Motion to Supplement the Record pursuant to Appellate Rule 9(E).

> **(E) Correction or Modification of the Record.**  If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth.  If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either

2

before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

App.R. 9(E).

{¶11} The decision whether to supplement the record or not has been treated as discretionary. *In re Holmes*, 104 Ohio St.3d 664, 2004-Ohio-7109, 821 N.E.2d 568, ¶ 12; *Cobb v. Cobb*, 62 Ohio St.2d 124, 127, 403 N.E.2d 991 (1980). Accordingly, we review the trial court's decision for abuse of discretion. *State v. Cross*, 7th Dist. Mahoning No. 07-MA-74, 2008-Ohio-3240, ¶ 33.

{¶12} On April 20, 2021, Sultaana filed a Motion to Supplement the Record, seeking "to have the record in this case to include his February 9th 2021, filing that was faxed to the court * * * but by mistake or etc the clerk failed to make a record of Sultaana's notice of being on quarantine."

{¶13} On May 17, 2021, the trial court denied the Motion to Supplement, noting that there was no document captioned "Notice of Quarantine" with a certificate of service dated February 9 filed with the court. The court stated: "The only evidence of the filing that Plaintiff provided to the Court is a fax confirmation page that shows a two[-]page document was faxed to the Court on February 9, 2021. There is no way to verify what document was actually faxed, other than the Court's docket itself. The record speaks for itself."

{¶14} On appeal, Sultaana argues that the trial court abused its discretion because the document was filed when he "delivered in good faith his '**notice**' of being placed on quar[a]ntine to the clerk of court." *See Zanesville v. Rouse*, 126 Ohio St.3d 1,

3

Case No. 2021-A-0009

2010-Ohio-2218, 929 N.E.2d 1044, ¶ 8 ("[W]hen a paper is in good faith delivered to the proper officer to be filed, and by him received to be kept in its proper place in his office, it is 'filed.' The indorsement upon it by such officer of the fact and date of filing is but evidence of such filing.") (citation omitted). According to Sultaana, his Notice was filed by virtue of it being faxed to the clerk.

{¶15} Sultaana's reliance on *Rouse* is misplaced. In the first instance, *Rouse* did not involve the supplementing of the record on appeal, but whether a trial court's jurisdiction was properly invoked by the filing of a complaint. In the second instance, the delivery of the complaint to the clerk in *Rouse* was evidenced by the existence of the complaint in the court's electronic docket and an affidavit from the clerk attesting its receipt. *Id.* at ¶ 11. In the present case, the only evidence is that something was faxed to the clerk which Sultaana claims was a Notice of Quarantine. In other words, the evidence fails to even substantiate delivery to the clerk.

{¶16} It would be improper to supplement the record on appeal in these circumstances. The Appellate Rule is applicable when there is a discrepancy between what occurred in the trial court and the record on appeal. *In re Estate of Reeck*, 21 Ohio St.3d 126, 127, 488 N.E.2d 195 (1986) ("App.R. 9(E) grants an appellate court the power to conform the record so that material inadvertently omitted is included"); *State v. Newell*, 1st Dist. Hamilton Nos. C-160453, C-160454, C-160455, and C-160456, 2017-Ohio-4143, ¶ 9 ("App.R. 9(E) permits the parties to correct the record to reflect what actually happened in the trial court"). Here, there is no evidence that the Notice of Quarantine was received, docketed, or considered by the trial court. Sultaana does not seek to supplement the record on appeal to make it conform with what occurred in the trial court,

4

but to alter what actually occurred (or did not occur) in the trial court. This is an impermissible use of Appellate Rule 9(E). *See McGeorge v. McGeorge*, 10th Dist. Franklin No. 00AP-1151, 2001 WL 537037, *2 ("pursuant to App.R. 9(E), the reviewing court may only add material that was not made a part of the original record by accident but was in fact considered by the trial court in rendering its decision"); *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 162 Ohio St.3d 195, 2020-Ohio-3197, 165 N.E.3d 214, ¶ 19 ("[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter") (citation omitted).

{¶17} The fourth assignment of error is without merit.

{¶18} In the second assignment of error, Sultaana argues the trial court erred by denying his request to compel a non-party, Lake Erie Correctional Institution, to comply with his discovery request.

{¶19} The Civil Rules provide for a motion to compel discovery as follows: "On notice to other parties and all affected persons, a party may move for an order compelling discovery. The motion shall include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action." Civ.R. 37(A)(1). "[A]bsent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues." *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998).

{¶20} On April 4, 2017, Sultaana filed a Notice of Service of Subpoena on Lake Erie Correctional Institution Commissary. The attached subpoena commanded the Lake Erie Correctional Institution to produce certain emails and other documents by April 21.

5

Case No. 2021-A-0009

{¶21} On April 25, 2017, Sultaana filed a Motion to Compel Non-Party Lake Erie Correctional to comply with the subpoena. On May 31, the trial court denied the Motion on the grounds that "[t]he certificate of service does not show that the motion was served on the non-party."

{¶22} On June 6, 2017, Sultaana filed a Renewed Emergency Motion to Compel Non-Party Lake Erie Correctional to Comply with Subpoena. The certificate of service indicates that the motion was hand-delivered to "Lake Erie Correctional Institution Unit Manager Harson and Lake Erie Commissary." The trial court denied the Renewed Motion without explanation on June 23, 2017.

{¶23} Initially we note that no particular individual was identified as the recipient of the subpoena itself and, therefore, it may be doubted if Unit Manager Harson is the proper individual to receive service of the Emergency Motion to Compel. Moreover, the Rule requires a motion to compel to include certification that the movant has in good faith attempted to resolve the matter without court intervention. Sultaana's Emergency Motion merely moves the court "in an emergency setting to have non-party Lake Erie Correctional Institution compel to Plaintiff Hakeem Sultaana's discovery request that was uttered to Lake Erie Correctional." Absent any indication in the Motion that Sultaana attempted to obtain the discovery without court action, we find no abuse of discretion in the trial court's denial of the Motion. *PennyMac Loan Servs., LLC v. Marker*, 7th Dist. Jefferson No. 18 JE 0024, 2019-Ohio-4088, ¶ 35.

{¶24} The second assignment of error is without merit.

{¶25} Under the first assignment of error, Sultaana argues the trial court erred by dismissing the action with prejudice following his failure to appear at a Status Conference and, alternatively, on motion of Keefe Supply.

{¶26} "Where the plaintiff fails to * * * comply with * * * any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1). "The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court." *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47, 684 N.E.2d 319 (1997). "Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in a dilatory fashion * * *." *Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997).

{¶27} Similarly, "[i]f a party * * * fails to obey an order to provide or permit discovery * * *, the court may issue further just orders," including "[d]ismissing the action or proceeding in whole or in part." Civ.R. 37(B)(1)(e). "A trial court has broad discretion when imposing discovery sanctions. A reviewing court shall review these rulings only for an abuse of discretion." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996), syllabus; *but see Hartranft* at 372 ("although reviewing courts espouse an ordinary 'abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits").

{¶28} The relevant procedural history behind the trial court's dismissal of Sultaana's Complaint is as follows:

7

{¶29} On October 26, 2018, Keefe Supply filed a Motion to Compel Sultaana to comply with its First Set of Consolidated Discovery Requests (Interrogatories, Requests for Production of Documents and Requests for Admissions) served on June 23, 2017. On November 5, 2018, the trial court placed the case on "inactive status" at the request of the parties and overruled the Motion to Compel.

{¶30} On August 24, 2020, after the case had been returned to active status, Keefe Supply filed a Supplemental[1] Motion to Compel Sultaana to comply with outstanding discovery requests. Keefe Supply complained that it had yet to receive "any responses" to its discovery requests from Sultaana. On September 2, 2020, Sultaana filed an Opposition to Keefe Supply's Motion to Compel, asserting that he had sent the requested discovery "several times" and indicating that he would be "sending/filing with the court a new answer/response to Keefe's request which can be used for record purposes in this litigation."

{¶31} On September 29, 2020, the trial court granted Keefe Supply's Supplemental Motion to Compel and ordered Sultaana "to provide his response to the discovery requests within twenty-one days."

{¶32} On November 12, 2020, Keefe Supply filed a Motion to Hold Plaintiff in Contempt and to Dismiss Plaintiff's Case with Prejudice "for failing to provide responses as directed by [the] Court on September 29, 2020." On November 16, 2020, Sultaana filed a Notice of Compliance with Keefe Supply's "first set of discovery requests."[2] On November 18, 2020, Sultaana filed an Opposition to the Motion to Hold Plaintiff in

---

1. Keefe Supply mistakenly believed the prior Motion to Compel remained pending.
2. It would not be until February 28, 2021, that Sultaana filed his actual responses to Keefe Supply's discovery requests with the trial court "for record purposes."

8

Contempt and to Dismiss Plaintiff's Case on the grounds that it is moot given the filing of the Notice of Compliance. On December 3, 2020, Keefe Supply filed a Reply to Sultaana's Opposition in which it asserted that it "has yet to receive a copy of Plaintiff's discovery responses."

{¶33} On December 21, 2020, Sultaana filed a Reply to Keefe Supply Company['s] Notice of Deposition. Sultaana acknowledged receiving Keefe Supply's notice of deposition for December 22. Sultaana stated that "he has communicated with Defendant Keefe Supply Company via email and informed them that the 22nd would not be a good time while trying to set up depositions to occur [simultaneously]."

{¶34} On December 24, 2020, Keefe Supply filed a Motion to Dismiss with Prejudice pursuant to Civ.R. 37(B) on account of Sultaana's "failure to proceed with his deposition noticed pursuant to Civ.R. 30 and comply with [the] Court's September 29, 2020 Order requiring Plaintiff to provide responses to [the] First Set of Consolidated Discovery Requests." On January 12, 2021, Sultaana filed an Opposition to Defendant Keefe Supply Company's Motion to Dismiss with Prejudice.

{¶35} On January 15, 2021, the trial court issued a Judgment Entry addressing the multiple pending discovery motions "rooted in the Plaintiff's failure to comply with the Orders of this Court and the Ohio Rules of Civil Procedure regarding discovery." The court noted in particular that Sultaana had yet to comply with Keefe Supply's June 2017 discovery requests despite the court granting Keefe Supply's Supplemental Motion to Compel Sultaana to produce discovery responses. The court also noted that Sultaana had failed to sit for a properly noticed deposition. The court extended the discovery deadline to February 19, 2021; confirmed that a mediation was scheduled for February

9

26, 2021, at 9:30 a.m.; and scheduled a Status Conference by Videoconference for February 26, 2021, at 1:30 p.m. The court advised that "[f]ailure to appear for any scheduled hearing, status conference, or mediation may result in sanctions, including dismissal of the matter * * *." The court further advised that, if either party failed to comply with discovery, it would "**proceed with sanctions under [Civil] Rule 37(B) including * * * dismissing the action.**" (Emphasis sic.)

{¶36} On February 12, 2021, Keefe Supply filed a Second Motion to Dismiss with Prejudice pursuant to Civ.R. 37(B) on the grounds that Sultaana failed to sit for another properly noticed deposition on February 10, 2021, and failed to comply with the trial court's January 15, 2021 order to produce responses to its discovery requests.

{¶37} On February 26, 2021, the trial court granted the Second Motion to Dismiss and dismissed the case with prejudice. In addition to the claims raised in the Second Motion to Dismiss, the court noted that Sultaana failed to appear for the Status Conference on February 26.

{¶38} It is well-established that dismissal of an action is a proper sanction for the misconduct Sultaana was found to have committed: failure to comply with discovery requests pending for over three years; to attend a pretrial conference despite notice of dismissal as a possible sanction for not attending; and failure to attend two properly noticed depositions. *Ransom v. Aldi, Inc.*, 2017-Ohio-6993, 95 N.E.3d 699, ¶ 31 (2d Dist.) (no abuse of discretion was found where "[t]he trial court's judgment entries * * * warned Ransom that her failure to comply with its discovery orders would result in dismissal of her case with prejudice, and yet, she failed to provide discovery as ordered"); *Wiltz v. Moundbuilders Guidance Ctr.*, 5th Dist. Licking No. 11-CA-22, 2012-Ohio-1798, ¶ 37

10

("[w]here the record does not indicate that failure to comply with discovery was due to involuntary inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party, a trial court does not abuse its discretion by dismissing the action"); *Gamiere v. Kayko*, 11th Dist. Trumbull No. 2002-T-0086, 2003-Ohio-3066, ¶ 20 ("appellant's failure to cooperate in the scheduling of his deposition, his failure to attend a court ordered deposition, and continuous failure to engage in the discovery process support the trial court's decision to dismiss his complaint pursuant to Civ.R. 37(B) and 41(B)(1)").

{¶39} Sultaana argues that the record is devoid of evidence of bad faith or willful conduct that would justify the dismissal of his action without consideration of the merits. Rather, Sultaana asserts that he opposed the February 10 deposition date and was quarantined on the date in question. Evidence in the record indicates that Keefe Supply proposed dates of February 8 or 10 for the deposition. Sultaana emailed counsel for Keefe on February 1 requesting that a "joint deposition" be scheduled "for expense purposes" and that February 15 would be "a great date." Keefe Supply in turn selected the date of February 10. Sultaana emailed again February 8 advising that his housing unit has been placed on quarantine which will last until February 20 and, therefore, "the scheduled visit can not go forward." Sultaana mailed a written Opposition to Notice of Deposition to the court on February 9 although it was not received for filing until February 17. The written Opposition reiterates that he did not agree to the February 10 date and that his housing unit was on quarantine.

{¶40} The circumstances proffered by Sultaana neither justify his absence from the February 10 deposition nor render the dismissal of the action an abuse of discretion.

11

Sultaana had previously failed to sit for a deposition scheduled for December 22. As noted by the trial court: "on the date of the noticed deposition, [Sultaana] appeared on the video, indicated that he would not be deposed by video, and left the room." In its January 15 Judgment Entry advising Sultaana that further discovery violations could result in dismissal, the court expressly stated that Sultaana could not dictate the format of the deposition or insist on joint depositions being conducted: "Plaintiff is solely responsible for arranging any depositions he may take, including their cost." Accordingly, Sultaana cannot reasonably maintain that his objection to the February 10 date based on a desire for a joint deposition constituted a valid excuse for avoiding the deposition.

{¶41} As to the claim that the deposition could not go forward on account of the housing unit being placed on quarantine, the evidence suggests otherwise. An affidavit submitted by counsel for Keefe Supply states that, after receiving Sultaana's email notice of the quarantine, counsel "confirmed with the Mansfield Correctional Facility that it would allow the deposition to proceed and all proper safety precautions would be adhered to." The affidavit further provides that, "[o]n the morning of February 10, 2021, the Mansfield Correctional Facility contacted my office to advise that Plaintiff stated he would not appear for his deposition scheduled at 12:00 p.m." This was subsequently confirmed by the warden's office. From this it could be inferred that it was Sultaana's own decision not to attend the deposition.

{¶42} We further note that during the period that Sultaana claims to have been quarantined, he was able to email counsel for Keefe Supply and to prepare and submit multiple filings to the court. In light of the foregoing, Sultaana has failed to provide adequate justification for failing to attend the February 10 deposition.

12

Case No. 2021-A-0009

{¶43} Although the failure to attend the February 10 deposition is sufficient to affirm the dismissal, the trial court further justified its decision by Sultaana's failure to appear for the February 26 Status Conference. The court noted: "Plaintiff did not appear, and did not contact the Court by telephone or videoconference to explain his reason for non-appearance." Sultaana faults the court for his failure to appear on the grounds that it refused to send notice to the warden to ensure his appearance via Zoom: "Sultaana is a prisoner and for him to appear via Zoom a court order or correspondence must be sent to prison officials." But this excuse is undermined by his admission elsewhere in the appellate brief that "Sultaana was usher[e]d to the Status Conference hearing via Zoom in the afternoon on 2-26-21 but video Zoom was not in function," and he was "told by prison officials that the court would be made aware [but] apparently the court was not made aware." As noted by the court, "[t]he burden of ensuring his or her appearance and participation at all proceedings is upon each respective party." Finally, Sultaana was able to participate in mediation telephonically on the same day despite Zoom not functioning and without notice to prison officials to ensure his appearance.

{¶44} The first assignment of error is without merit.

{¶45} Under the third assignment of error, Sultaana argues the trial court erred in denying his Renewed Motion to Reinstate Case via Rule 60(B).

{¶46} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order

13

or proceeding was entered or taken." *GTE Automatic Elec., Inc. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶47} Subsequent to the trial court's dismissal of the action, Sultaana filed a Motion for Reconsideration on March 4, 2021; a Renewed Motion to Reinstate Case via Rule 60(B) on March 9, 2021; a Motion to Amend Reconsideration and Re-Instate with Support Documentation filed on April 2, 2021; and a Motion to Amend 60(B) Filing with Request for this Court to Contact Mediation Department to See [whether] Video Zoom was Down on February 26th, 2021 on April 7, 2021.

{¶48} On April 15, 2021, the trial court treated the motions as seeking relief from judgment and denied them. The court concluded that Sultaana "failed to provide the Court with sufficient operative facts justifying his failure to appear at the February 26, 2021 Status Conference or for his noncompliance with the discovery process in this matter."

{¶49} On appeal, Sultaana maintains that the court abused its discretion because the fact of his being on quarantine "gave good cause for Sultaana not appearing at the non-agreement notice deposition." Secondly, Sultaana contends his non-appearance at the Status Conference could have been avoided if the trial court had sent "notice to prison officials mandating Sultaana's appearance via Zoom for the scheduled Status Conference on 2/26/21."

14

{¶50} The deficiencies in Sultaana's claims about being quarantined have been detailed in the previous assignment of error. Sultaana did submit an affidavit in which he stated that his unit manager advised him that "the scheduled [deposition] should not take place because of protocol & safety reasons and it was not m[a]ndatory." Accepting the fact that Sultaana was under quarantine, the record does not convincingly demonstrate that he was prevented from attending the deposition or the Status Conference. Rather, his claims are contradicted by the statement of counsel for Keefe Supply that prison officials would allow the deposition but that Sultaana refused to participate and the facts that Sultaana was able to participate in mediation, access email, and prepare and submit documents for filing during quarantine.

{¶51} Sultaana's claims with respect to quarantine are further undermined by the contradictory nature of the positions he has taken. While he claims he was unable to participate on account of being on quarantine, he has also argued that he was "ushered" by prison officials to the Status Conference but that Zoom was not functioning and that the officials said they would advise the court of the same. In one of his post-dismissal filings, Sultaana claims he did not contact the court on February 26 "because [he] was under the impression the schedule[d] pre-trial was re-scheduled." In another filing, he asserts that he was "informed & educated that the mediation and status conference hearing would be held all at once."

{¶52} For similar reasons, Sultaana's argument that the trial court's refusal to issue notice to prison officials is responsible for his failure to appear at the Status Conference does not establish his right to relief from judgment. There is a lack of

15

evidence to corroborate Sultaana's position; he was able to participate in mediation; and his explanations for failing to appear are self-contradictory.

{¶53} The third assignment of error is without merit.

{¶54} For the foregoing reasons, the dismissal of Sultaana's Complaint with prejudice is affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, P.J.,

JOHN J. EKLUND, J.,

concur.

16