[Cite as *McManus v. Clements*, 2024-Ohio-1800.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| JOHN MCMANUS<br>AS TREASURER OF MONTGOMERY<br>COUNTY, OHIO | : | |
| | : | C.A. No. 29999 |
| | : | |
| Appellees | : | Trial Court Case No. 2023 CV 03658 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| ADRIENNE NICOLE CLEMENTS, | : | |
| SUBJECT TO LIFE ESTATE OF | : | |
| OSCAR G. CLEMENTS, ET AL. | | |
| | | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 10, 2024

. . . . . . . . . . .

ADRIENNE NICOLE CLEMENTS, Appellant, Pro Se

MICHELE PHIPPS and NICOLE RANDALL, Attorneys for Appellees

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} This case is before us on the pro se appeal of Defendant-Appellant, Adrienne

Nicole Clements ("Clements"), subject to life estate of Oscar G. Clements, from a

judgment granting foreclosure of Clements' property based on the tax lien of Plaintiff-

Appellee, John McManus, the Montgomery County, Ohio Treasurer. Clements failed to challenge the validity of the foreclosure order and instead simply asks that she be allowed to redeem the property. However, the current appeal concerns only the foreclosure order, which was a final appealable order and is separate and distinct from confirmation proceedings. Accordingly, there is no basis for reversing the trial court's judgment, and its judgment will be affirmed.

## I. Facts and Course of Proceedings

{¶ 2} On July 13, 2023, McManus filed a complaint for foreclosure of delinquent real estate taxes against the following parties: Clements and her unknown spouse; the Oscar G. Clements Family Living Trust Dated July 31, 2000; Oscar Clements, deceased, and his unknown spouse; unknown trust successors; Shelia Turner and her unknown spouse; unknown tenants; and the State of Ohio, Department of Taxation ("Tax Dept."). The complaint alleged that taxes, assessments, charges, and penalties, including the installment due and unpaid, were $5,279.50 and were a first and best lien on real property listed as R72 16003 0047 ("Property"). In addition, the complaint alleged that the defendants may have some interest in the Property. McManus asked the court to find that he had a good and valid lien, to foreclose the defendants' equity of redemption, and to grant an order of sale.

{¶ 3} On July 13, 2023, McManus filed a preliminary judicial report for the Property. On August 21, 2023, the Tax Dept. filed an answer, asserting a claim against the Property based on a certificate of judgment in the amount of $408.34.

{¶ 4} On November 27, 2023, McManus filed a motion for default judgment and decree of foreclosure. The motion noted the dates of service, the methods of service, and when each party had been served. On the same day, McManus filed a final judicial report which reflected the total of $5,593.72 in taxes that were due to the treasurer as of that date. The trial court entered a default judgment and decree of foreclosure on November 29, 2023. The court found: Clements was the owner of record of the real estate; McManus, including taxes, assessments, penalties, interest, charges, and court costs, had a first lien of $7,593.72; and the Tax Dept. was the second priority lienholder in the amount of $408.34. Default Judgment Entry and Decree of Foreclosure (Nov. 29, 2023), p. 1-2. The court therefore ordered that an order of sale be issued to the Montgomery County Sheriff to sell the property.

{¶ 5} Clements timely appealed from the judgment. After the appeal was filed, Clements failed to file a brief, and we issued a show cause order. Clements then filed her brief on February 6, 2024. Because McManus also failed to timely file a brief, we issued a show cause order to him as well. However, McManus failed to either respond to the show cause order or file a brief. This case, therefore, is ready for submission.

II. Discussion

{¶ 6} Having reviewed Clements' pro se brief, we note that it fails to comply with App.R. 16(A), which contains various requirements for briefs, including: "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"; "(4) A statement of the issues presented for review, with

references to the assignments of error to which each issue relates"; "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule"; and "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "Where an appellant fails to comply with these requirements, App.R. 12(A)(2) allows us to disregard a party's assignments of error." *State v. Huelsman*, 2d Dist. Miami No. 2022-CA-21, 2023-Ohio-649, ¶ 7, citing *State v. Mize*, 2022-Ohio-3163, 195 N.E.3d 574, ¶ 77 (2d Dist.).

{¶ 7} Despite this failure, we may decide to consider error in the interests of justice. We are not required to do so, however. *E.g., Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn.*, 2018-Ohio-4350, 122 N.E.3d 249, ¶ 43 (2d Dist.) (disregarding alleged error); *Ransom v. Aldi, Inc.*, 2017-Ohio-6993, 95 N.E.3d 699, ¶ 23 (2d Dist.) (considering error in the interest of justice).

{¶ 8} Even if we were inclined to consider Clements' brief, it is actually just a letter addressed to "Whom it may concern." In the letter, Clements states that she will have the total amount of money that she owes at the end of February (presumably 2024) and will pay that amount plus court costs. Appellant's Brief, p. 1. Clements further asks that she have this "last and final chance" to "redeem" herself. *Id.*

{¶ 9} Statutory procedures for delinquent lands are found in R.C. Chap. 5721. Under R.C. 5721.10, "[i]f the taxes have not been paid for one year after having been certified as delinquent, the state shall institute foreclosure proceedings in the manner

provided by section 323.25, sections 323.65 to 323.79, or sections 5721.01 to 5721.28 of the Revised Code * * *."

{¶ 10} Forfeiture proceedings on the state's lien are brought under R.C. 5721.18 by the county prosecuting attorney in the name of the county treasurer. This statute discusses other procedures, including taking a default judgment against persons who fail to file answers within 28 days after service of process is complete. *See* R.C. 5721.18(B)(2)(a).

{¶ 11} When the court enters a foreclosure judgment, it will order the premises sold pursuant to the procedures in R.C. 5721.19. However, R.C. 2721.25 also provides procedures for redemption of delinquent land, i.e., an interested party may prevent the sale by redeeming the property before the entry confirming the sale is filed. Redemption can occur in two ways, either: (1) "by tendering to the county treasurer an amount sufficient, as determined by the court, to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, and the costs incurred in any proceeding instituted against such land under Chapter 323. or this chapter of the Revised Code, and by demonstrating that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes"; or (2) by entering "into a delinquent tax contract with the county treasurer for the payment of the taxes, assessments, penalties, interest, and charges found to be due and unpaid on such land, together with the costs incurred in the proceeding as determined by the court or board of revision, upon demonstrating that the property is in compliance with all applicable zoning regulations, land use restrictions, and building, health, and safety codes." The latter

option is available only if the person attempting to redeem "has not previously defaulted on a delinquent tax contract under section 323.31 of the Revised Code with respect to that delinquent land." *Id.*

{¶ 12} A foreclosure order is final and appealable, and the second phase of the proceeding, i.e., confirmation, " 'is viewed as a separate and distinct action seeking enforcement of an order of sale and decree of foreclosure." *Countrywide Home Loans Servicing v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, ¶ 6, quoting *Triple F Invests. v. Pacific Fin. Servs., Inc.*, 11th Dist. Portage No. 2000-P-0090, 2001 WL 589343, *3 (June 2, 2001). "The purchaser at a sheriff's sale is on notice that the sale is not final until confirmation. Before confirmation, the owner can redeem the property just as a lienholder or other person with an interest in the property can, even if the owners – or lienholders – 'sit on their hands' until after the sheriff's sale." *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, 140 Ohio St.3d 346, 2014-Ohio-3656, 18 N.E.3d 1151, ¶ 17.

{¶ 13} Consequently, Clements has a remedy, should she choose to elect it before confirmation of the sale. However, the redemption procedures have nothing to do with the case before us, which simply concerns the trial court's decision to grant foreclosure of the property. Because Clements failed to raise any challenge to that order, her assignment of error, such as it is, has no merit. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.